**BRACKEN et al. v. CATO et al.**

No. 6164.

Circuit Court of Appeals, Fifth Circuit.

Dec. 12, 1931.

Rehearing Denied Jan. 21, 1932.

Franklin D. Brown, of Lubbock, Tex., for appellants.

J. I. Kilpatrick, Roscoe Wilson, and Chas. C. Crenshaw, all of Lubbock, Tex., for appellees.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

E. L. Bracken was convicted in 1927 of the crime of assault with intent to commit murder. In October, 1928, after his conviction had been affirmed on appeal, and while he was being held in the county jail at Garza, Tex., awaiting removal to the state penitentiary in order that the sentence imposed upon him might be put into execution, he was shot and killed by a deputy sheriff named Ramsay who was acting as jailer. His widow and minor children brought this action for damages accruing to them from his death against the sheriff of Garza county and the surety on his official bond. The homicide occurred in the presence of two other prisoners, and also in the presence of three of Bracken's children, a son, aged 14, and two daughters, aged 12 and 8, respectively, who had been admitted to the jail by Ramsay for the purpose of allowing them to see their father and tell him good-bye before he was taken away to the penitentiary.

The two older children testified to the following effect: One of them handed to Ramsay a package containing some food and also a pocket comb for delivery to their father. Ramsay examined the package, and, after doing so, put it in a large cage outside the cells, but required the older girl to deliver the comb through the bars of the cell, stating that he was afraid of the prisoners, as they had assaulted him a few days before that. Ramsay was careful to keep the doors of the cells closed and locked while he and the children were in the outside cage, and not until he and they were in the corridor outside the cage did he open the doors of the cells, which was done by means of levers. After he and the children were in the outside corridor, and safe from any danger of attack, Bracken told Ramsay to go on away and shut his mouth, saying to him, "I would not harm a hair of your head if I was out and had a thousand guns, you damned old son of a ———." At the time of saying this Bracken was either washing a plate or reaching over to pick up the package, and was not making any attempt to attack or injure Ramsay. As Bracken made the statement, Ramsay turned and shot him; the bullet going between bars of the steel cage.

The plaintiffs called the sheriff as a witness, but merely proved by him that Ramsay had charge of the jail. On cross-examination the sheriff testified that Ramsay told him he killed Bracken in self-defense and to prevent an assault upon him. The sheriff's official bond was offered and received in evidence. It was in statutory form, conditioned, among other things, that he would faithfully perform the duties of his office. Ramsay died before the trial, and no evidence was introduced for the defense. The trial court directed a verdict for the sheriff and the surety on his bond on the ground that the deputy

sheriff and jailer, Ramsay, was not engaged in the performance of any official duty at the time he shot and killed Bracken.

■ Under the laws of Texas, individuals, as well as associations of persons and corporations, are liable for the death of any person caused by the wrongful act of his agent or servant. Revised Civil Statutes of Texas 1925, art. 4671. The sheriff is the keeper of the jail of his county, and may appoint one of his deputies jailer. Article 5116. He is responsible for the official acts of his deputies. Article 6870. So far as the public is concerned, there is no difference between the official acts of the sheriff and those of his deputies. Heye & Co. v. Moody, 67 Tex. 615, 4 S. W. 242; Rogers v. The Marshal, 1 Wall. 644, 17 L. Ed. 714. See, also, note in 1 A. L. R. 222, 236. As it was the official duty of Ramsay as deputy sheriff and jailer to keep all prisoners safely, it follows necessarily that it was a breach of that official duty and an abuse of his authority to injure or kill a prisoner without justifiable cause or legal excuse. "The character of the act, whether official or not, does not depend upon its lawfulness, but upon the fact that the person who performs it is in fact an officer and purports to act in his official capacity and does act by virtue of authority conferred by law." King v. Brown, 100 Tex. 109, 94 S. W. 328, 330. See, also, Myers v. Colquitt (Tex. Civ. App.) 173 S. W. 993. According to the undisputed evidence, Ramsay killed Bracken without justification or excuse. His alleged statement to the sheriff attempting to justify his gross abuse of authority on the ground of self-defense is not entitled to any weight, as it was merely hearsay. The sheriff, in our opinion, was shown to be liable.

■■ The surety was also liable, unless as it contends action on the bond could be maintained only in the name of the state. Prior to the revision of the statutes of Texas in 1925, it was provided that a sheriff's bond "shall not be void on the first recovery, but may be sued on from time to time in the name of any person injured until the whole amount thereof is recovered." Revised Civil Statutes of 1911, art. 7121. In the revision of 1925, that article was retained as article 6866, but there was omitted from it the language just above quoted. However, a separate provision was inserted as article 6003, which reads: "No official bond shall be void upon first recovery but may be sued upon in separate actions until exhausted." There was thus omitted in the revision of 1925 nothing of substance except the words "in the name of any person injured"; but those words were restored in 1931. Acts 42nd Leg. (1931), c. 260, § 1, Vernon's Ann. Civ. St. art. 6866. It is true, therefore, that at the time this suit was brought there was no express statutory authority for bringing it in the name of the plaintiffs. But we are of opinion that none was necessary. It is provided by statute that, "whenever an official bond is made payable to the State of Texas, or any officer thereof, and a recovery thereon is authorized by, or would inure to the benefit of parties other than the State, suit may be brought on such bond in the name of the State alone for the benefit of all parties entitled to recover thereon." Article 1991. This statute was clearly intended to be permissive and not mandatory. It was held to be so by the Court of Civil Appeals of Texas in Eastland County v. Hazel, 288 S. W. 518, where it is said that suit on an official bond can be brought in the name of the real parties in interest. The decisions of the Supreme Court of Texas there cited sustain, in principle at least, the conclusion arrived at, which seems to us to be a sound one. At any rate, the matter being merely procedural, the right to proceed in their own names has now been restored to the plaintiffs by the Legislature.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

### On Rehearing.

In the opinion in this case it is stated: "The plaintiffs called the sheriff as a witness, but merely proved by him that Ramsay had charge of the jail. On cross-examination the sheriff testified that Ramsay told him he killed Bracken in self-defense and to prevent an assault upon him." According to the bill of exceptions, the sheriff's entire testimony was given "on the examination by the plaintiffs." The point now made is that as that testimony was brought out on direct examination it was admissible and was entitled to due weight as evidence, under the authority of Diaz v. United States, 223 U. S. 442, 32 S. Ct. 250, 56 L. Ed. 500, Ann. Cas. 1913C, 1138, although it might have been hearsay, as we held it was. The question thus raised could become material only in the event the plaintiffs in the action should offer upon another trial the testimony of the sheriff given on the trial here under review. The evidence as a whole was sufficient to take the case to the jury, and whether the sheriff's testimony relating to Ramsay's statement was offered on the direct or the cross examination would

not in our view entitle appellees to an affirmance of the judgment.

■ We also held that Ramsay's alleged statement to the sheriff was not a part of the res gestæ. Of course, we were speaking of the case as presented by the record before us. We are of opinion still that Ramsay's alleged statement appeared to be a mere self-serving declaration and a narrative of a past event, and was not of that spontaneous and impulsive character which would justify the inference that it was a part of the res gestæ. 10 R. C. L. 976. But there is nothing in the original opinion which would or was intended to preclude appellees from offering evidence upon another trial to show that Ramsay's statement was in fact a spontaneous, unpremeditated exclamation so closely connected with the killing of Bracken as to be admissible as a verbal act.

The petitions for rehearing are denied.