THE ATTORNEY GENERAL
OF TEXAS
AUSTIN, TEXAS 78711
ATTORNEY GENERAL



December 19, 1975


The Honorable Oscar B. McInnis          Opinion No. H-751
Criminal District Attorney
Hidalgo County                          Re: Whether a sheriff's bond
Edinburg, Texas                         would cover shortages in the
                                        cash bonds and fines paid the
                                        sheriff and his deputies.

Dear Mr. McInnis:

You have requested our opinion concerning the liability of a sheriff and his bonding company for shortages of fines and cash bonds paid to jailers working under the sheriff's supervision. You also ask whether the answer to your first question would be different if the prisoner was arrested by some agency other than the sheriff's office.

Article 6870, V.T.C.S., provides:

> Sheriffs shall be responsible for the official acts of their deputies, and they shall have power to require from their deputies bond and security; and they shall have the same remedies against their deputies and sureties as any person can have against a sheriff and his sureties.

See also V.T.C.S. art. 5116. Under these statutes a sheriff and his surety have been held liable for the malfeasance of deputies performing official acts. Bracken v. Cato, 54 F.2d 457 (5th Cir. 1931); Rich v. Graybar Electric Co., 84 S.W.2d 708 (Tex. Sup. 1935); see also Aetna Casualty & Surety Co. v. Clark, 150 S.W.2d 78 (Tex. Sup. 1941).

The collection of bail bonds and fines is clearly an official act. Code Crim. Proc. arts. 17.20, 17.21; Attorney General Opinions H-183 (1973), WW-1326 (1962), V-1548 (1952). Accordingly, in our opinion the sheriff would be liable under article 6870 for the misappropriation of these funds by his deputies. See Attorney General Opinion H-360 (1974).

Article 6866, V.T.C.S., provides:

> Every person elected to the office of sheriff shall,
> before entering upon the duties of his office, give
> a bond. . .conditioned that he will account for and
> pay over to the persons authorized by Law to receive
> the same, all fines, forfeitures and penalties that
> he may collect for the use of the State or any
> county, . . . and that he will faithfully perform
> all such duties as may be required of him by
> Law. . . .

Concerning the liability of the bonding company, the general rule is
that "[i]n order to hold such a surety, there must be a violation of the
condition of the bond." Aetna Casualty & Surety Co. v. Clark, supra at
80. Since the accounting for fines is an express condition of the bond,
and since the accounting for bail bonds is a duty required of sheriffs
by law and thus also a condition of the bond, in our opinion the surety
would be liable for the failure of the sheriff to account for these
funds whether or not the failure to account is due to a deputy.

Your second question is whether we would reach the same result as
to bail bonds if the prisoner were arrested by an agency other than the
sheriff's office. Since the nature of the collection of bail bonds as
an official duty of the sheriff is not dependent upon his having arrested
the prisoner, in our opinion the result remains the same where he has
not.

## S U M M A R Y

Without regard to the person arresting the
prisoner, a sheriff and his surety are liable
for the misappropriation of fines and bail bonds
collected by a deputy sheriff.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb