No. 5562.

## GUST HEYE & CO. *v.* W. L. MOODY & CO.

1. ATTACHMENT—LEVY.—While, as a general principle, goods seized under attachment by one officer can not be attached by another officer, the fact that a deputy sheriff is also a constable will not affect the levy of an attachment made by him as deputy sheriff upon goods already in the sheriff's hands under former attachment. The possession of the deputy is the possession of the sheriff; his acts are the acts of his principal, and for their proper performance the principal is responsible.

2. LEVY—ATTACHMENT.—One who has seized under attachment two different stocks of goods, may be compelled by a subsequent attaching creditor, whose writ was levied upon but one of the stocks, to exhaust first his remedy upon the goods on which he had secured an exclusive lien; nor is this right affected by any subsequent levy made by a third party.

3. STATUTE CONSTRUED.—Article 4520, Revised Statutes, construed.

4. CASES REVIEWED.—Vinton v. Bradford, 13 Massachusetts, 116, and Watson v. Todd, 5 Massachusetts, 273, reviewed.

APPEAL from Limestone. Tried below before F. N. Read, Esq., Special Judge.

*McLemore & Campbell* and *G. E. Mann,* for appellants, on the proposition that the court erred in holding that a sheriff and his deputies were different officers, and that a deputy, being a different officer, could not therefore levy, or indorse a levy, on goods in the custody of the sheriff, cited Revised Statutes, Article 4520, page 650; Rose v. Newman, 26 Texas, 131; Cook v. Knott, 28 Texas, 90; Million v. Commonwealth, 36 American Decisions, 581, and same case in 1 B. Monroe, 310; Kennon v. Ficklin, 6 B. Monroe, 414, and same case in 44 American Decisions, 476; Freeman on Executions, section 354; Murfree on Sheriffs, sections 269, 76, 907; Gwynne on Sheriffs, chapter 4, title Deputy, 42; Arnold v. Scott, 39 Texas, 379; Bouvier's Dictionary, title Deputy; Bacon's Abridgment, title Sheriff (H.), of Deputies, numbers 2, 3; Comyn's Digest, title Officer (D., 3, 5), Power of Deputy.

*Thomas J. Gibson,* for appellees, on his proposition that to have constituted the levy of the Oliver & Griggs attachment a valid levy it was necessary that Jackson should take actual and exclusive possession of the goods; and having done so, no other person, not even his deputy, could make a valid levy of a subsequent attachment upon the same goods while the first attachment was in force, cited Drake on Attachments, section 267, sixth edition and references; Vinton v. Bradford, 13 Massachusetts, 113, and 7 American Decisions, 119; Bagley v. White, 4 Pickering, 397; Wheeler v. Bacon, 4 Gray, 551; Robinson v. Ensign, 6 Id., 302, 305; Odiorne v. Colley, 2 New Hampshire, 66; Walker v. Foxcroft, 2 Maine, 270; West River Bank v. Gorham, 38 Vermont, 649; Moore v. Graves, 3 New Hampshire, 408; Beers v. Place, 36 Connecticut, 578; Burroughs v. Wright, 16 Vermont, 619, and other cases referred to in note to Vinton v. Bradford, 7 American Decisions.

WILLIE, CHIEF JUSTICE. On November 15, 1881, Oliver & Griggs sued out a writ of attachment against Bessling & Roller, which was on the same day levied by T. E. Jackson, sheriff of Limestone county, upon a stock of goods in Groesbeck, and on the next day upon a stock of goods in Mexia. After levying upon the Mexia stock the sheriff returned to Groesbeck, leaving that stock in the storehouse in which it was contained, and its key in charge of three persons, with instructions to close the doors and make an inventory of the goods.

Before leaving Mexia the sheriff was told that other attach-

ments would soon be there, to which he replied that J. M. Waller (who was a constable, and also Jackson's deputy), could serve any process that could be served by the sheriff. After Jackson had left, a writ of attachment in favor of Gust Heye & Co. against Bessling & Roller was placed in the hands of Waller, who levied the same on the stock of goods in Mexia. Waller's return showed that the writ was levied by him upon said stock on November 16, at eleven o'clock, as per inventory filed, subject to the levy of the attachment of Oliver & Griggs, and it was signed, "T. E. Jackson, sheriff of Limestone county. J. M. Waller, deputy." On the nineteenth, Waller delivered the attachment to the sheriff, who filed it with the papers of the cause. Jackson reached Groesbeck on the sixteenth, and an attachment in favor of W. L. Moody was on the same day placed in his hands for levy. His return upon this writ showed that he levied it upon the Groesbeck stock at one o'clock p. m., and on the Mexia stock at half past two o'clock p. m., of that day, subject to the Oliver & Griggs attachment.

All of the attaching creditors obtained regular judgments upon their claims at the same term of the court. The sheriff sold the two stocks under order of court, and, after paying off the judgment of Oliver & Griggs, returned the balance of the proceeds of the sale, viz., eighteen hundred dollars, into court; and the present action tests the question as to whether this money shall be paid to Gust Heye & Co. or to W. L. Moody & Co.

The court below held that the goods, when levied upon under the attachment in favor of Oliver & Griggs, were *in custodia legis*, and could not be attached by another officer, though a deputy of the officer by whom the first levy was made; that the sheriff in possession alone could make such a levy; that the acts of the deputy were not by construction the acts of the sheriff, unless adopted and ratified by him, and that there was no such ratification. Upon this view of the law, judgment was rendered for W. L. Moody & Co., and this appeal is taken by the appellant from that judgment.

It is a general principle that goods attached by one officer, and in his possession, can not be attached by another officer. The question whether it was rightly applied by the court below in the present case depends upon whether the sheriff and his deputy were different officers. Our statutes provide that sheriffs shall have power, by writing, to appoint one or more deputies, who shall have power and authority to perform all the acts and duties

required of their principals. (Rev. Stat., art. 4520.) All writs, including attachments, are directed to the sheriff or any constable, but may be. executed by a deputy sheriff, who makes his return in the name of his principal. So far as the public is concerned, there is no difference between the powers and duties of the sheriff and his deputy; either can perform and can be compelled to perform the same acts that are required of the other. When a writ reaches the hands of a deputy it is in fact received by the principal. He is liable for its proper enforcement, and for all acts done by his deputy under its authority. If goods are tortiously seized under it by the deputy, the principal can be sued by the owner; if they are illegally disposed of by the deputy, the principal is responsible.

As between the sheriff and the deputy, of course the former can make the latter responsible for such losses or misconduct, but with this the public has no concern. It follows that as to the public, whose servants these officers are, the acts of the deputy are the acts of the principal—the possession of the former is the possession of the latter. So far as the responsibilities of the office are concerned, the sheriff is liable for the acts both of himself and his deputy; so far as its rights and duties are concerned, they are in every respect identical. This is not only the true construction of our statute, but is clearly the rule at common law. (Bacon's Abridgement, title Sheriff; Comyn's Digest, title Officer; Gwynne on Sheriffs, 43; Murfree on Sheriffs, section 18.)

The acts of the deputy are performed in the name of the principal, and they become so essentially the acts of the latter that he may lawfully return that they were done by himself. (Freeman on Executions, sec. 384.) From these principles we can but conclude that the act of Waller in making the levy upon the Mexia stock of goods was the act of the sheriff, and amounted to the same thing as if he had made the levy himself. As the goods were in the possession of the sheriff under a former attachment, it was of course proper for him to levy the subsequent writ of Gust Heye & Co. upon it, subject to the previous levy of Oliver & Griggs.

We are cited to no authorities by the appellee which sustain the ruling of the court below, that the sheriff and his deputies are different officers and that the possession of attached goods by the one is not the possession of the other. In the case of Vinton v. Bradford, cited from 13 Massachusetts, 116, it was held that

the deputies of the same sheriff are different officers as to each other; but it had been held by the same court in Watson v. Todd, 5 Massachusetts, 273, that the possession of a deputy was the possession of the sheriff. This doctrine of the last named case was sanctioned by the former, and it was added that the possession of the deputy being the possession of the sheriff, the latter could levy a second writ upon goods attached by the deputy, the same being constructively in the possession of the sheriff.

If the possession of the deputy is the possession of the principal, it is because they are in the eye of the law, identical in so far as the duties of the office of sheriff are concerned. If so, the acts of the former are the acts of the latter. Waller's levy of the attachment of Heye & Co. was therefore the levy of Jackson, and was under the authority of law made upon goods in possession of Jackson. It is proper to add that the New England cases differ, as to the position which the sheriff and his deputies occupy towards the public, from the decisions of other States, probably on the ground that they are there treated in many respects as if they did not hold the same office. A deputy is liable directly to a party aggrieved by his misconduct; and he and the sheriff can not be sued as joint trespassers, and in at least one of these States process is directed both to the sheriff and his deputy. (Murfree on Sheriffs, secs. 907, 938; Odiorne v. Colley, 2 N. H., 66.)

To hold as the court below did in this case that a deputy can not levy upon goods already attached and in possession of the sheriff would be to deprive the public of the benefit of a deputy's services whenever a second attachment was to be levied. The goods already attached being in the possession of the sheriff, no matter whether levied by a deputy or not, could not afterwards be subjected to another levy, except by the sheriff himself. Deputies are appointed as well for the benefit of the public as of the principal sheriff, and their powers must not be so construed as to deprive the public of their services in any respect.

It may be added that in this case the sheriff ratified the act of his deputy in making the levy for Heye & Co., and adopted it as his own by filing his return as made among the papers of the cause.

We are of opinion, therefore, that Heye & Co.'s attachment having come to the hands of Waller, the deputy, prior to the time that Moody & Co.'s writ reached Jackson, the sheriff, and having been levied upon the Mexia stock previous to the latter writ, was entitled to priority, out of the proceeds of the goods

sold under the Oliver & Griggs attachment. This priority of levy upon the Mexia stock gave Heye & Co. the right to have its proceeds applied to their debt next after Oliver & Griggs were satisfied. Immediately upon the making of their levy they were entitled to require Oliver & Griggs to exhaust the Groesbeck stock, upon which there was no other writ levied, before levying ipon the Mexia stock, upon which they held an attachment lien. This right was not changed by any subsequent levy upon the Groesbeck stock by Moody & Co. They could not, by acquiring a subsequent lien, impair or interfere in the least with the extent of the right of Heye & Co. to have their lien satisfied out of the Mexia stock. This would, however, be the result if the levy of appellees upon the Groesbeck stock is to affect the previous levy of the appellants upon that in Mexia.

As to the assignments of error made by the appellee, it is sufficient to say that the finding of the court to the effect that there was no fraud in suing out the attachment of Gust Heye & Co., is fully supported by the evidence. The note sued on was shown to be even less than the balance due to Heye & Heidenheimer. It is true, the appellants declined to append to their depositions an itemized statement of their account with Bessling & Roller, because the account had been settled and closed by notes. This might have thrown suspicion upon the account, but the settlement was fully explained upon the trial, and the itemized account upon which the settlement was made produced in evidence by the appellants, and shown to be a true and correct statement of the transactions between Bessling & Roller and the appellants. The appellees had all the benefit they would have derived from full answers to their questions.

For the errors pointed out the judgment will be reversed, and here rendered for the appellant for the one thousand eight hundred dollars in the hands of the district clerk of Limestone county, less the costs of the attachment suit of Gust Heye & Co. v. Bessling & Roller. It is so ordered.

*Reversed and rendered.*

Opinion delivered April 12, 1887.