# FIRST DISTRICT, 1896.

---

## A. M. HAYS ET AL. v. G. B. BYRD ET AL.

### Delivered June 4, 1896.

**1. Citation—Return—Official Signature.**

An official return of service upon a citation was signed "W. Y. Robinson, Sheriff S. J. County, by C., deputy." Held, that this was a sufficient compliance with the statute requiring that "the return must be officially signed by the officer executing the writ," and that it was not invalid because the name of the county and of the deputy were indicated only by initials.

**2. Same.**

It is not necessary that the return on a citation should show that the service was made within the county for which the officer is authorized to act, as that will be presumed.

ERROR from San Jacinto. Tried below before Hon. L. B. HIGH-TOWER.

*S. A. McCall*, for plaintiffs in error.

*James E. Hill*, for defendants in error.

*E. P. Hamblen*, for appellant.

PLEASANTS, ASSOCIATE JUSTICE.—This is an appeal by writ of error from a judgment by default, against appellants and appellee, L. W. Purkinson. The only question presented for our decision is, whether or not the officer's return of the citation is sufficient to authorize the judgment. The return was amended upon motion of the plaintiff and, as amended, the return is in these words:

"Sheriff's Return.

"Came to hand 1st day of October, 1894, at 10 o'clock a. m., and executed 3rd day of October, 1894, by delivering to L. W. Purkinson, R. O. Hays and A. M. Hays, the within named defendants, in person, each of them, a true copy of this writ.

"W. Y. ROBINSON,

"Sheriff of S. J. County, Texas.

"By C., Deputy."

It is submitted by counsel for appellants, that this return is not such as is required by the rules announced in several cases by our Supreme Court, and that it is especially obnoxious to the rule laid down in the case of Roberts v. Stockslager, 4 Texas, 307; but we fail to discover that the return is in violation of any of the rules announced in the cases cited. The petition averred that the defendants were all residents of San Jacinto County, and prayed for the necessary process to cite them to answer the petition; and citation issued directed to the sheriff of San Jacinto County, or any constable thereof, commanding such officer to summon each defendant to appear and answer the plaintiff's petition at the next regular term of the court; and in addition it contained the other requisites prescribed for such writ. Article 1225, of the Revised Statutes requires that the return of the officer executing the writ shall be endorsed thereon, or attached thereto; and that it shall show when the writ was served, and the manner of service; and shall be signed by the officer officially.

The first assignment of error is, that the return does not show positively and affirmatively that any officer authorized to execute the writ did actually do so. As is to be seen by inspecting the return, it is signed: "W. Y. Robinson, Sheriff of S. J. County, Texas, by C., deputy." It appears from the record that the return as originally made was considered by the court, and by its order the return was amended, and the amended return is that which is in the transcript, and which is excepted to by appellant. Under such circumstances, we are authorized to presume that W. Y. Robinson was the sheriff of San Jacinto County; and further, that his signature to the return was affixed thereto by himself, or by a duly appointed deputy of the sheriff. The law authorizes the sheriff to act by deputies, and while the statute requires the return upon every writ to be signed officially by the officer executing the writ, there is no prescribed form of the official signature, when the sheriff acts by deputy; and this requirement of the statute, we take it, is complied with when the return is made over the official signature of the sheriff,

either with or without the signature of the deputy by whom the sheriff executes the writ. The words of the statute, "that the return must be signed officially by the officer executing the writ," have reference to the officers to whom the writ of citation is directed, "the sheriff," or any "constable," and do not embrace the deputies of the sheriff. This being so, the fact that the deputy who made this return simply writes the letter "C" for his signature, is immaterial.

In reply to the objection that it does not appear from the return that the writ was executed in San Jacinto County, it is sufficient to say, that the statute does not require that the return shall show "where" the service was made. The law presumes, until the contrary appears, that its officers know their powers and duties; and hence there is no requirement of the statute that the officer executing a writ of citation shall show by his return that the writ was executed in his county. In the case of Roberts v. Stockslager, supra, which seems to be chiefly relied on by appellant to sustain his contention, the return of the officer simply showed that the writ was executed by "leaving" a copy of the writ, without showing with whom it was left. Manifestly the decision in that case can have no bearing upon the question involved in this. There the return was fatally defective in not complying with an express provision of the statute. There is no provision of the statute, or other rule of law, that we are aware of, which requires the return of a sheriff who executes a writ of citation by a deputy to show the name of the deputy. What one does through another is as essentially his act as if done propria persona. The return in our opinion being in conformity with the requirements of the law, the judgment is affirmed.

*Affirmed.*