## SMITH et al. v. FRIONA STATE BANK et al.
### No. 3410.

Court of Civil Appeals of Texas. Amarillo.
May 7, 1930.

Carl Gilliland, of Hereford, for plaintiffs in error.

Dameron & Dameron and F. T. Roloson, all of Hereford, for defendants in error.

JACKSON, J.

This suit was instituted in the district court of Deaf Smith county, Tex., by the Friona State Bank, a banking corporation, and W. A. Odell, against Mrs. Willie Smith and her husband, H. M. Smith, on certain notes alleged to have been secured by vendor's lien on land fully described in the petition.

The plaintiffs alleged that on February 11, 1928, Mrs. A. P. Moreland executed and delivered to J. T. Hartley her five promissory notes, each in the sum of $600, each bearing interest from February 15, 1928, until paid, at the rate of 8 per cent. per annum, with 10 per cent. interest per annum on past due interest, each note containing the usual acceleration and attorney's fees clauses; that note No. 1 was due and payable at Hereford, Tex., on September 15, 1928, and that one of the remainder of said series of notes was due and payable at Hereford, Tex., on September 15th each year thereafter until all of said notes were paid off and discharged; that the Friona State Bank is the owner of notes Nos. 1, 4, and 5 of said series of notes, and that W. A. Odell is the owner of notes Nos. 2 and 3 of said series of notes; that on February 11, 1928, J. T. Hartley, by his proper deed, conveyed to Mrs. A. P. Moreland a part of section 80 in Deaf Smith county, Tex., which plaintiffs describe by metes and bounds in their petition, and that the aforesaid notes evidenced a part of the purchase price for said land, and were secured by a lien retained against said land in said conveyance; that on April 4, 1928, Mrs. A. P. Moreland, who was a feme sole, conveyed said land to Mrs. Willie Smith, who "assumed said notes and thereby promised to pay to J. T. Hartley or his order" the sum of money evidenced by said notes; that, though repeated demands have been made by each of the plaintiffs, the defendants have failed and refused to pay said notes or any part thereof except the sum of $150, which was paid on note No. 1 November 13, 1928; that the plaintiffs, on account of the default on the part of the defendants in the payment of said notes, according to their face and tenor, had elected to mature their respective notes, placed them in the hands of their respective attorneys, and agreed to pay the 10 per cent. attorney's fees provided for therein, and prayed for judgment for the amount evidenced by their respective notes and a foreclosure of the lien against the land and a sale thereof. The plaintiffs attached to, and made a part of, their petition a copy of note No. 1, which they alleged in substance was identical with the other series of notes except as to the due dates thereof.

The defendants neither appeared nor answered plaintiffs' suit, and personal judgment was rendered against each of them by default in favor of the Friona State Bank for the sum of $2,055.11, together with 10 per cent. interest per annum thereon from the date of judgment, together with costs of suit. Judgment was rendered against the defendants in favor of W. A. Odell for the sum of $1,485.28, with 10 per cent. interest per annum thereon and costs, and judgment rendered in favor of both plaintiffs against both defendants for the foreclosure of the lien against the land described in plaintiffs' petition, and the proper officer directed to sell the land under execution.

From this judgment, the defendants, hereinafter called appellants, by writ of error, have prosecuted this appeal.

There is no statement of facts in the record, and no question is raised relative to misjoinder of parties or causes of action.

The appellants challenge as error the action of the trial court in rendering a personal judgment against Mrs. Willie Smith, because appellees' petition discloses that she was a married woman, and as such assumed the payment of said notes, and does not allege any additional facts that would make her, as a married woman, personally liable on said notes.

The appellees' petition discloses that Mrs. Willie Smith was a married woman, and her husband was joined pro forma only in the suit, and, in order to state a cause of action that would authorize a personal judgment against her, the petition should disclose that her assumption of the payment of the notes was for the benefit of her separate property or some other fact that would authorize a judgment against a married woman. This the petition wholly fails to do. Gamel et al. v. City Nat. Bank of Colorado (Tex. Com. App.) 258 S. W. 1043, and authorities cited. See, also, Graham et ux. v. Carmany (Tex. Civ. App.) 2 S.W.(2d) 467; Bramwell v. Conquest (Tex. Civ. App.) 2 S.W.(2d) 995.

The appellants assail as error the action of the trial court in rendering personal judgment against appellant H. M. Smith, because appellees' petition shows that he was joined pro forma only in the suit; that his wife, Mrs. Willie Smith, alone assumed the payment of the notes, and fails to allege any fact or circumstance to charge H. M. Smith with any personal liability on the assumption, or any promise or contract to pay or assume to pay said notes. This assignment must be sustained.

The appellants present as error the insufficiency of the service of citation upon them, because the return of the officer fails to show in what county they were when service was had by the sheriff. This contention is untenable. Hays et al. v. Byrd et al., 14 Tex. Civ. App. 24, 36 S. W. 777.

The other assignments urged by appellants we deem it unnecessary to discuss, as in all probability they will not occur on another trial.

For the errors discussed, the judgment is reversed, and the cause remanded.