### SCHNEIDER v. REIDEL et al.

### No. 10821.

Court of Civil Appeals of Texas. Galveston.
April 6, 1939.

Rehearing Denied May 25, 1939.

Carroll V. Webb, of Houston, for appellant.

B. L. Palmer, of Houston, for appellees.

MONTEITH, Chief Justice.

This is an appeal in an action brought by appellees, Murl Reidel and John N. Snell, Sr., against R. G. Schneider, appellant, on a promissory note executed by appellant in favor of appellees.

Judgment by default was rendered by the court in favor of appellees for the sum of $277.29, no answer having been filed by appellant.

Appellant bases his appeal on the action of the court in overruling his motion to set aside said judgment.

The court in his conclusions of fact found, on conflicting testimony, that appellant was personally served with citation by one, Martindale, a deputy constable of Precinct No. 1, of Harris County, Texas, but that the return on said citation was made by Deputy Constable Grota and was regular in form and substance and showed on its face regular service on appellant for the term of court at which said judgment was rendered. The court concluded as a matter of law that, good service having been obtained, the motion to set aside said judgment should be overruled.

It is the contention of Appellant that the citation in question is insufficient in that it was not officially signed by the officer by whom it was actually served. We are unable to sustain this contention.

Article 2034 Revised Civil Statutes, 1925, provides: "The return of the officer executing the citation shall be indorsed on or attached to the same; it shall state when the citation was served and the manner of service, conforming to the command of the writ, and be signed by him officially."
* * *

Referring to above statute, 33 Texas Jurisprudence, page 886, Section 71, lays down the following rule: "The return should clearly show that the citation was delivered by an officer having authority to serve. * * * Moreover, the return must be signed officially by the serving officer. The words of the statute (Art. 2034) have reference to the officer to whom the writ is directed, 'the sheriff' or any 'constable', and do not embrace the deputies of the sheriff. If therefore the sheriff executes a citation by his deputy it is not essential that the name of the deputy appear upon the return."

In the case of Hays et al. v. Byrd et al., 14 Tex.Civ.App. 24, 36 S.W. 777, 778, in an opinion by this court, it is held: "The law authorized the sheriff to act by deputies, and, while the statute requires the return upon every writ to be signed officially by the officer executing the writ, there is no prescribed form of the official signature when the sheriff acts by deputy; and this requirement of the statute, we take it, is

complied with when the return is made over the official signature of the sheriff, either with or without the signature of the deputy by whom the sheriff executes the writ."

It is held by the supreme court in the case of Gust Heye & Co. v. W. L. Moody & Co., 67 Tex. 615, 4 S.W. 242: "So far as the public is concerned, there is no difference between the persons and duties of the sheriff and his deputy. Either can perform, or can be compelled to perform, the same acts that are required of the other. When a writ reaches the hand of a deputy, it is in fact received by the principal. * * * It follows that, as to the public, whose servants these officers are, the acts of the deputy are the acts of the principal.

Under the above authorities, the citation in question is, in our opinion, in conformity with the requirements of the law. The judgment of the trial court is, therefore, in all things affirmed.

Affirmed.