Leo **CORTIMIGLIA**, Appellant,

v.

Charlsie Ann **MILLER**, Appellee.

No. 13415.

Court of Civil Appeals of Texas.

Houston.

May 21, 1959.

Rehearing Denied June 25, 1959.

Leonard Stolaroff, Houston, for appellant.

Irwin & Smith, W. B. Irwin, Jr., Galena Park, for appellee.

WOODRUFF, Justice.

This is an appeal by Leo Cortimiglia from the judgment of the County Court at Law of Harris County entered October 6, 1958, in a bill of review action instituted by appellee, Charlsie Ann Miller, setting aside as to appellee a default judgment rendered by the Court on October 2, 1957, against her and George Blake, in Cause No. 78,461 styled Leo Cortimiglia v. George Blake et al. In that suit appellant was awarded a recovery of $750 and interest against the defendants, jointly and severally, for damages sustained by him as the result of an automobile collision. It was alleged in that cause that Blake was the driver of the automobile which collided with appellant's car at a time when he was acting as the agent and employee of Ann Miller.

In her bill of review filed on July 21, 1958, appellee alleged that she was never served with citation in Cause No. 78,461, never entered an appearance therein, and as an affirmative defense she denied ownership of the car and any agency relationship between her and Blake. She also denied that she was in the automobile. She further alleged that the first notice she had of the judgment against her was when a Deputy Sheriff notified her that he had a writ of execution to serve on her.

In addition to a general denial, appellant answered that appellee was duly served with citation in said Cause No. 78,461, as shown by the Sheriff's return on the citation on file in said cause, and that long after appearance day, no answer having been filed by either of the defendants, he made due proof of his damages and judgment was properly rendered in his behalf on October 2, 1957.

The trial on the bill of review was to the Court without a jury. The testimony was not reported. The Trial Court, however, after filing original findings of fact and conclusions of law, amended them to include an extended statement of the evidence in connection with the fact findings, which both parties concede reflects the testimony offered on trial.

These findings and the remainder of the transcript, therefore, compose the record properly before this Court.

In Points One and Three appellant contends the Trial Court erred in finding that appellee was not served with citation in the original cause; in setting aside the judgment and holding it to be void because the return was valid and regular; and her testimony was not sufficiently corroborated by strong and satisfactory proof as required by law, and moreover no attack was made on the return other than the contention that she was not served with citation in said cause.

The transcript includes the original petion in Cause No. 78,461, which appellant filed on March 16, 1956, instituting suit against George Blake and Ann Miller. Following it is the citation which is dated March 19, 1956. It is regular in form and was returnable in 90 days.

On the reverse side of the citation appears the officer's return, also regular in

form, showing that it was received March 19, 1956, at 3:30 o'clock p.m. and was executed in Harris County, Texas, "by delivering to each of the within named defendants, in person, a true copy of this citation with the accompanying copy of the Plaintiff's petition, at the following times and places, to-wit:

"George Blake, March 23, 1956 at 2:25 p.m.

"Ann Miller, April 6, 1956 at 3:30 p.m."

Beside the word "Fees", in the lower lefthand corner appears: "Serving 2 cop., $2.50; Mileage —— Miles, $4.00; Total $6.50." It is signed "C. V. Buster Kern, Sheriff, Harris County, Texas, By I. Mahavier, Deputy." The file mark shows that it was duly filed by the Clerk of the Court on April 9, 1956, at 9:15 a.m.

Among other particulars, the judgment entered on October 2, 1957, recited that the defendants, George Blake and Ann Miller, "though duly served with process * * * failed to appear or answer in their behalf but wholly made default * * *," whereupon the Court "proceeded to hear the evidence" which showed that plaintiff had been damaged by the defendants in the sum of $750. Judgment was accordingly rendered in appellant's behalf against George Blake and appellee, jointly and severally, for $750 and 6% interest from date of judgment.

The material facts adduced upon the trial, as set forth by the Trial Court in the amended findings, are that a default judgment in Cause No. 78,461 was entered by that Court on October 2, 1957, against "Plaintiff in this suit, Ann Miller"; that "the certificate to the return on the service filed in the papers in the suit above referred to was signed by I. Mahavier, Deputy Sheriff, of Harris County, Texas, on March 23, 1956, and thereafter said citation was turned over for service on the defendant, Ann Miller, who purportedly resided in the territory of Deputy Sheriff Binford,

although some person by the name of Ann Miller appeared to have been served on April 6, 1956, by Gordon Binford, Deputy Sheriff, who testified that the notation of April 6, 1956, he thought to be in his handwriting, no additional certificate to the return was thereafter made by any Sheriff or Deputy Sheriff, including Deputy Sheriff Binford, or other official of Harris County, Texas."

The Trial Court further stated in his findings: "That Deputy Sheriff Binford had been serving legal papers for the past six years, the number of papers for the Civil Sheriff's Department of Harris County, Texas, which he serves, averaging between 15 and 20 per day, or approximately 4,000 per year. * * * That Defendant, George Blake, at least two weeks after the time he was served (on March 23, 1956), informed Miss Miller she was a defendant in such suit and showed her the papers which had been served upon him. That Ann Miller told George Blake at such time that she had not been served with citation in such lawsuit. That Ann Miller made no inquiry either to the Clerk of the Court, to the Plaintiff in such suit, to the Plaintiff's attorney, nor to anyone else other than George Blake, relative to the status of such lawsuit, until she learned at a time shortly before she instituted her Bill of Review action that a judgment had been taken against her."

As a further finding it was stated: "That besides Plaintiff, Charlsie Ann Miller, who testified she never was served in Cause No. 78,461, the only evidence adduced by such Plaintiff relative to such service upon her in such cause was by witness, George Blake, who was told by Plaintiff herself that she was not served; by witness, Deputy Sheriff I. Mahavier, who testified that he did not personally serve Defendant, Ann Miller, but that another Deputy Sheriff, Gordon Binford, apparently had done so; and by Deputy Sheriff, Gordon Binford, who could not identify her as the person he had served. That Ann Miller stated to Deputy Sheriff Gordon Binford at the time

he first contacted her relative to service of execution on judgment in Cause No. 78,461, that she had never been served with citation in said suit."

Interspersed among the foregoing statements setting forth the evidence, certain fact findings relative to Cause No. 78,461 were made, as follows: "That the Court finds no service was made in the suit on this Plaintiff Ann Miller" and that "there was a mistake of identity in the service of citation in this cause" and that plaintiff "was never actually in fact served with citation in this cause." It was also found that "George Blake had never been and was not * * * acting in any capacity for Plaintiff in this suit, Ann Miller" and that "Ann Miller had theretofore sold to George Blake the Ford automobile driven by him but she was still the registered owner" thereof.

As additional findings, the Trial Court stated: "That Plaintiff * * * Ann Miller, was guilty of no negligence causing or bringing about the entry of judgment against her in said Cause No. 78,461 * * and that she acted with due diligence after her discovery that said judgment had been entered against her."

The Trial Court's conclusions of law are that the judgment in Cause No. 78,461 was void as to appellee, Ann Miller, (1) "due to lack of service"; (2) because "no legal certificate of return was ever made on the return of citation on file in this cause, as to Ann Miller"; and (3) because "Ann Miller had a meritorious defense to the claim asserted against her in Cause No. 78,461 * * *."

Appellee assails appellant's contentions set forth in his Points One and Three. First, she urges that the rule of law relied on by appellant has no application in this case because the evidence shows no return was made on the citation after Ann Miller was alleged to have been served, and, second, the presumption in favor of the return is not available to appellant because the Trial Court found that there was a mistake in identity and appellee was never in fact served.

■ As heretofore shown, the sheriff's return on the citation in Cause No. 78,461 was regular on its face, reflecting due service of citation on George Blake on March 23, 1956, and Ann Miller on April 6, 1956. The law is well settled that the return of service either by a sheriff or any other officer authorized by law to make it, is prima facie evidence of the material facts recited therein and a court of equity should not set aside a judgment rendered thereon except upon clear, satisfactory and convincing proof of lack of service of process by the officer who made it. Pierce-Fordyce Oil Ass'n v. Staley, Tex.Civ.App., 190 S.W. 814.

By her first ground of attack appellee seeks to vitiate the officer's return by the Trial Court's findings that Deputy Sheriff I. Mahavier, after having served George Blake with citation, signed the return on March 23, 1956, and thereafter turned it over for service on Ann Miller who purportedly lived in the territory of Deputy Sheriff Binford, and although some person by the name of Ann Miller appeared to have been served on April 6, 1956, by Deputy Sheriff Gordon Binford, who testified that the notation of April 6, 1956, appeared to be in his handwriting, no additional "certificate" to the return was thereafter made by Deputy Sheriff Binford or any Sheriff or Deputy Sheriff or other official of Harris County, Texas.

■ Appellee challenges the return because it appears that Deputy Binford on April 6, 1956, made the notation showing service on Ann Miller in the space above the name, "C. V. Buster Kern, Sheriff of Harris County, Texas, by I. Mahavier, Deputy," which was placed there by Deputy Mahavier when he made his return on March 23, 1956, after he had served George Blake. Of course, Deputy Mahavier was authorized to sign the Sheriff's name on the return.

■ The critical question, therefore, is whether the act of Deputy Binford in making the notation on the return showing service of citation on Ann Miller on April 6, 1956, after Deputy Mahavier had signed the Sheriff's name thereto on March 23, 1956, rendered the return invalid as to Ann Miller.

Appellee relies on the case of Woodall v. Lansford, Tex.Civ.App., 254 S.W.2d 540. There the sheriff's return on the citation was patently defective in that it failed to certify, as required by Rule 107, Texas Rules of Civil Procedure, a delivery of a copy of the plaintiff's petition to the defendant. Manifestly that holding is not applicable.

Though Rule 107, T.R.C.P., now governs officers' returns on citations, nothing therein has changed the law with reference to the issues presented here as it existed under the provisions of Article 2034 and the earlier laws that were brought forward in that article. The decisions of our Courts construing those laws while they were in effect must, therefore, be accepted as authoritative.

In Schneider v. Reidel, Tex.Civ.App., 128 S.W.2d 416, writ dism., appellant sued to set aside a default judgment. The proof showed that appellant was served by one Deputy Constable of Precinct No. 1 of Harris County and the return on the citation was made by another Deputy Constable of the same precinct. In holding that the return was in conformity with the law, the Court quoted with approval an excerpt taken from 33 Tex.Jur., p. 886, Process and Notices, Sec. 71, as follows:

§ 71. By Whom Served—Signature. —"The return should clearly show that the citation was delivered by an officer having authority to serve. * * * Moreover, the return must be signed officially by the serving officer. The words of the statute (art. 2034) have reference to the officer to whom the writ is directed, 'the sheriff' or any 'constable,' and do not embrace the deputies of the sheriff. If therefore the sheriff executes a citation by his deputy it is not essential that the name of the deputy appear in the return."

The Court also cited the holding in Hays v. Byrd, 14 Tex.Civ.App. 24, 36 S.W. 777, 778. In that case the error assigned was the Court's failure to set aside a default judgment because the return on the citation did not affirmatively show that any officer authorized to sign the return actually did so. After stating that an inspection of the return showed that it was signed: "W. Y. Robinson, Sheriff of S. J. County, Texas, by C., Deputy," it was said:

"The law authorizes the sheriff to act by deputies, and, while the statute requires the return upon every writ to be signed officially by the officer executing the writ, there is no prescribed form of the official signature when the sheriff acts by deputy; *and this requirement of the statute, we take it, is complied with when the return is made over the official signature of the sheriff, either with or without the signature of the deputy by whom the sheriff executes the writ.* The words of the statute 'that the return must be signed officially by the officer executing the writ' have reference to the officers to whom the writ of citation is directed, 'the sheriff' or any 'constable,' and do not embrace the deputies of the sheriff. This being so, the fact that the deputy who made this return simply writes the letter 'C' for his signature is immaterial." (Emphasis ours.)

Moreover, the Court, in Schneider v. Reidel, supra, attributed similar significance to the language of our Supreme Court appearing in Gust Heye & Co. v. W. L. Moody & Co., 67 Tex. 615, 4 S.W. 242, 243, which reads as follows:

"So far as the public is concerned, there is no difference between the persons and duties of the sheriff and his deputy. Either can perform, or can be compelled to perform, the same acts

that are required of the other. When a writ reaches the hands of a deputy, it is in fact received by the principal. * * * It follows that, as to the public, whose servants these officers are, the acts of the deputy are the acts of the principal."

■ We take it to be settled that the part of Rule 107, T.R.C.P., providing: "The return of the officer executing the citation shall be indorsed on or attached to same; * * * and be signed by him officially," means "the sheriff" or "any constable" officially though he may act by deputies. It does not contemplate deputies as such. Rule 103, T.R.C.P.; Arnold v. Scott, 39 Tex. 378; Hays v. Byrd, supra.

■ Moreover, the rule does not require that the date the return is officially signed be shown. Certainly neither Rule 107 nor the authorities exclude the propriety of the sheriff's signing his official name on a return after making a notation showing his having served one defendant, and then turning it over to a deputy to serve a second defendant with citation who upon doing so, inserts the notation of service on the second defendant over the sheriff's official name, for as said in Hays v. Byrd, supra, "this requirement of the statute * * * is complied with when the return is made over the official signature of the sheriff, either with or without the signature of the deputy by whom the sheriff executes the writ."

■ It is evident, too, that if C. V. Buster Kern, Sheriff of Harris County, Texas, had personally served the citation on Ann Miller on April 6, 1956, he could have made his return above his name although Deputy Mahavier had previously signed his (the Sheriff's) name officially thereon. This would necessarily be true for the reason that if the Sheriff had inserted his return showing service of citation, etc., on Ann Miller above his name, though it had been signed by Deputy Mahavier, he would have

adopted it as his official signature. Inasmuch as the law authorizes the Sheriff to act through his deputies, who in the discharge of their duties act as the Sheriff, it necessarily follows that Deputy Binford in the performance of his duties as the Sheriff in executing the citation on Ann Miller was likewise authorized to indorse his return above the official signature of the Sheriff, though originally it had been placed there by Deputy Mahavier. In doing so, Deputy Binford adopted it as the Sheriff's name officially. It would have been no different in principle if Deputy Mahavier, after serving George Blake with citation, had signed the return on March 23, 1956, and thereafter, on April 6, 1956, had served Ann Miller and made his return showing service on her by inserting a notation to that effect above the Sheriff's name which he had previously signed.

In our opinion the testimony of Deputies Mahavier and Binford showing that the indorsement of service of citation on Ann Miller was made thereon after the Sheriff's official name had been signed by Deputy Mahavier in no wise affected its regularity or validity. It must be presumed therefore that its recitations are true until the party purportedly served comes forward with proof sufficient in law to challenge them.

■ We return to the discussion of appellant's contention that the Trial Court erred in finding that appellee was not served with citation and in setting the judgment aside because appellee failed to corroborate her testimony denying that she was served with any sufficient and satisfactory proof as required by law.

■ The law appears to be settled that when the sheriff's return on a citation is regular on its face and recites due service, it may not be impeached by the uncorroborated testimony of the party or parties shown by the return to have been served. Gatlin v. Dibrell, 74 Tex. 36, 11 S.W. 908; Harrison v. Sharpe, Tex.Civ.App., 210 S.

W. 731, error ref. However, it is not required that the evidence offered to impeach be direct. It may be wholly circumstantial. Sanders v. Harder, 148 Tex. 593, 227 S.W. 2d 206. Such corroborating facts and circumstances, though, must come from a source other than one witness who would attack the service. Gatlin v. Dibrell, supra; Harrison v. Sharpe, supra; Randall v. Collins, 58 Tex. 231; Joseph v. Kiber, Tex.Civ.App., 260 S.W. 269; San Antonio Paper Co. v. Morgan, Tex.Civ.App., 53 S. W.2d 651, error dism.; Swearingen v. Swearingen, Tex.Civ.App., 193 S.W. 442.

Appellee relies upon the case of Sanders v. Harder, supra, to support her contention that her testimony denying that she was ever served with citation was sufficiently corroborated by circumstantial evidence to raise the issue. In that case the respondent in 1948 filed a motion to revive a judgment rendered in his behalf in 1941 against the petitioners, who were husband and wife, in a trespass to try title action. The petitioners contended they were never served with citation in the trespass to try title case. In corroboration of their testimony denying such service, it was shown that the husband had purchased the 86 acre tract in issue in 1925; that he moved on it in 1926; that petitioners were married in 1933 and they had occupied it as a homestead since that date; that after the rendition of the 1941 judgment, not having been disturbed in their possession, they made improvements on the property, and that no writ was issued on that judgment until 1948, approximately seven years after it was taken. In concluding that the proof sufficiently corroborated the petitioners' testimony denying service of citation to raise the issue, it was said:

"Other circumstances are relied upon by petitioners, but we think that those mentioned, while not as strong as might be desired, do constitute some competent evidence corroborating the testimony of the petitioners." [227 S. W.2d 209]

In the light of this decision let us review the proof upon which appellee relies to corroborate her testimony that she was never served with citation. It consisted of George Blake's testimony that she told him she had not been served; that she told Deputy Binford when he contacted her relative to the writ of execution that she had not been served; that Deputy Mahavier said he had not served her; and that Deputy Binford could not identify her as the party he had served. Appellee, to show timely action on her part, adds that the record shows that though appellant's case was filed March 15, 1956, judgment was not taken until September 27, 1957, and that appellee filed her Bill of Review on July 21, 1958, shortly after learning of the judgment.

■ Appellee in argument places great emphasis upon what George Blake and Deputy Binford testified concerning appellee's denials of service of citation made to them. This testimony cannot be accepted as corroborating proof because as set forth in the authorities heretofore cited, the source of such statements was the one witness who would attack the service. See Gatlin v. Dibrell, supra. In addition, the statements were manifestly hearsay and self-serving declarations. Worth Mills v. Copeland, Tex.Civ.App., 33 S.W.2d 580, writ ref.; Chenoworth v. Flannery, Tex. Civ.App., 202 S.W.2d 480; Read v. Carver, Tex.Civ.App., 283 S.W.2d 284, n. r. e.

We are unable to see how Deputy Mahavier's testimony that he did not serve appellee corroborates her testimony. True, he signed the return but the circumstances surrounding his signing it are clear and as we have heretofore held, there was no irregularity in his doing so. We think it equally clear from his testimony that after serving George Blake and signing the return he turned it over for service on Ann Miller, who purportedly resided in Deputy Binford's territory.

Neither can we find any corroborating circumstance or proof in Deputy Binford's being unable to identify appellee as the party he served. At most it only failed to bolster the return. McBride v. Kaulbach, Tex.Civ.App., 207 S.W. 576, error ref.; Pierce-Fordyce Oil Ass'n v. Staley, Tex.Civ.App., 190 S.W. 814; Randall v. Collins, 58 Tex. 231; Johnson v. Cole, Tex.Civ.App., 138 S.W.2d 910. He identified the notation of service on Ann Miller in the return as being in his handwriting and we think it quite understandable that an officer who is serving about 4,000 papers a year, would have some difficulty in identifying a party he served two years and five months after such purported service. That was the intervening time as shown by the record. To hold that on officer's inability to identify a person as the party he had served with civil process after that length of time would corroborate the testimony of a party denying service of citation would place in jeopardy a large portion of the returns that are made by every officer who serves process in areas of dense population.

In connection with the finding that there was no service of citation on appellee, the Trial Court also found that there was "a mistake in identity." This, as we view it, is tantamount to the ultimate finding that appellee was never served with citation in this case. However, it might be implied that the Trial Court might have concluded that Deputy Binford served another Ann Miller. There was no proof whatever showing that there was ever another Ann Miller in Deputy Binford's territory. In this connection we think it quite significant that when the writ of execution was served, it was Deputy Binford who contacted appellee. Manifestly she was in his territory and there was no proof offered to the contrary.

For the reasons heretofore stated, the proof upon which appellee relied for corroboration of her testimony denying that she was served with citation, in our opinion, was wholly wanting in probative force and therefore such proof was not only insufficient to support the Trial Court's findings and judgment based thereon, but also it was wholly insufficient to raise the issues that appellee had not been served. Sanders v. Harder, supra.

Appellant's Points One and Three are sustained and the judgment of the Trial Court is accordingly reversed and rendered, the effect of which will be to leave in full force and effect the judgment of the Trial Court dated October 2, 1957, in Cause No. 78,461.

Reversed and rendered.

On Appellee's Motion for Rehearing

Appellee in her motion for rehearing takes the position that after the testimony of Deputy Mahavier had been offered, the presumption of due serivce of citation on Ann Miller as reflected by the return was lost and such proof sufficiently corroborated her testimony to support the Trial Court's finding that she was never served. Obviously this contention is based on the premise that Deputy Mahavier testified he did not serve Ann Miller with citation but that after having served George Blake and executing the return it was turned over to Deputy Binford for service on Ann Miller, who purportedly resided in his territory, and apparently he had done so. Whether the return as to Ann Miller would have been sufficiently impeached to destroy the presumption of the truth of its recitations in the absence of further proof we need not decide, because Deputy Binford testified that the notation on the return reflecting service on Ann Miller on April 6, 1956, "he thought to be in his handwriting." If there was any want of certainty in his identification of his hand writing it was settled by the Trial Court's finding that "some person by the name of Ann Miller appeared to have been served on April 6, 1956, by Gordon Binford, Deputy Sheriff," though no additional return was thereafter made.

We adhere to our ruling that Deputy Binford's entry of the notation of service of citation on the return after it had been executed by Deputy Mahavier in no wise affected its validity.

The fact that a serving officer, upon a trial attacking his service, fails to identify the party shown by the return to have been served with citation is insufficient corroboration of an asserted lack of service to raise the issue. Crawford v. Gibson, Tex.Civ.App., 203 S.W. 315, and cases cited supra.

Appellee complains of observations made by this Court that the statements denying service made by her to George Blake and Deputy Binford were hearsay and self serving declarations. She says that no such objections were levelled in the Trial Court. Be that as it may, such statements made by appellee under the circumstances above set forth were not only hearsay, but were also self serving declarations, having originated from the one source that was attacking the service, thus rendering them incompetent corroborating proof, whether objected to or not.

Appellee also has moved this Court to withdraw that part of the order rendering judgment for appellant and in lieu thereof to remand the case for a new trial. We have carefully considered the question in the light of Rule 434, T.R.C.P., and in our opinion there was a full development of the facts necessary to a determination of the rights of the parties made by the pleadings in this cause, and the Trial Court improperly rendered judgment for the appellee. Under these circumstances it appears to be the uniform practice of the appellate courts in this state upon reversal to render the judgment that should have been rendered in the Court below, and not to remand the case. Yarbrough v. Booher, 141 Tex. 420, 174 S.W.2d 47–49, 150 A.L.R. 1369.

Appellee's motion for a rehearing is overruled.