

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

April 25, 1977

This Opinion
Overruling Opinion
AG-108 alters
Conflicts

The Honorable Henry Wade
Criminal District Attorney
Dallas County
Sixth Floor, Records Building
Dallas, Texas 75202

Opinion No. H-985

Re: Applicability of
civil service laws to
employment of deputy
sheriffs.

Dear Mr. Wade:

You have requested our opinion concerning the appli-
cability of the County Civil Service Act, article 2372h-6,
V.T.C.S., to deputy sheriffs in Dallas County. In counties
adopting a civil service system under the Act, a civil
service commission is authorized to make and enforce rules
relating to selection, promotion, discipline, and dismissal
of employees, as well as other matters pertaining to em-
ployment and working conditions. V.T.C.S. art. 2372h-6, §
8. The County Civil Service Act applies to employees,
defined to include

> any person who obtains his position
> by appointment and who is not authorized
> by statute to perform governmental
> functions in his own right involving
> some exercise of discretion . . . .

V.T.C.S. art. 2372h-6, § 1(3). (Emphasis added). The under-
lined language excludes from the operation of the Act one
who (a) performs governmental functions, (b) in his own right,
(c) involving some exercise of discretion. Green v. Stewart,
516 S.W.2d 133 (Tex. 1974). In construing that language,
the Supreme Court also relied on a definition of employee
which it had used to distinguish "employee" from "officer"
in interpreting article 16, section 30 of the Constitution.
See Aldine Independent School District v. Standley, 280
S.W.2d 578 (Tex. 1955). One's status as an officer is
determined by "whether any sovereign function of the govern-

-ment is conferred upon the individual to be exercised by him for the benefit of the public largely independent of the control of others." Green v. Stewart, supra, at 135. Our task is to determine whether a deputy sheriff is an employee as defined by article 2372h-6, V.T.C.S., and the Supreme Court in construing that Act.

Article 6869, enacted prior to the County Civil Service Act, describes the powers of deputy sheriffs and provides for their appointment and termination:

> Sheriffs shall have the power, by writing, to appoint one or more deputies for their respective counties, to continue in office during the pleasure of the sheriff, who shall have power and authority to perform all the acts and duties of their principals; and every person so appointed shall before he enters upon the duties of his office, take and subscribe to the official oath. . . .

(Emphasis added). A deputy sheriff is "a public officer invested by law with some portion of the sovereign functions of the government, to be exercised by him for the benefit of the public." Rich v. Graybar Electric Co., 84 S.W.2d 708 (Tex. 1935); Murray v. State, 67 S.W.2d 274 (Tex. Crim. App. 1933); see also Murray v. Harris, 112 S.W.2d 1091 (Tex. Civ. App. -- Amarillo 1938, writ dism'd). We believe that case law clearly makes the deputy sheriff an officer.

We also believe that he performs "governmental functions in his own right involving some exercise of discretion" and thus is not an employee within the terms of article 2372h-6, V.T.C.S. He is "invested by law with some portion of the sovereign functions of the government." Murray v. State, supra at 276. The Code of Criminal Procedure imposes on him many duties that require him to exercise discretion and act independently of the control of the sheriff. See e.g. Code Crim. Proc. arts. 2.12, 2.13, 2.14, 2.17, 2.18, 2.20, 14.01.

The deputy sheriff performs governmental functions in his own right, and not in the right of the sheriff. In Green v. Stewart, the deputies appointed "to assist" the tax

assessor-collector did not act in their own right.  A deputy sheriff, however, does not merely assist the sheriff, but has statutory authority to perform all of his duties.  See Naill v. State, 129 S.W. 630 (Tex. Crim. App. 1910).  His duties are assigned him by statute, and not by delegation from the sheriff.  See Pfeffer v. Mahnke, 260 S.W. 1031 (Tex. 1924); Attorney General Opinion H-619 (1975).  The sheriff cannot in fact limit his statutorily authorized duties and powers.  Trammel v. Shelton, 45 S.W. 319 (Tex. Civ. App. 1898, no writ).  Although some of the deputy's official acts must be done in the sheriff's name, he can convey property under his own name following an execution sale.  Compare Herndon v. Reed, 18 S.W. 665 (Tex. 1891) and Miller v. Alexander, 13 Tex. 497 (1855) with Cortimiglia v. Miller, 326 S.W.2d 278 (Tex. Civ. App. -- Houston 1959, no writ); see also Attorney General Opinion O-5394 (1943).

We are aware that some courts have defined "deputy" as one "who exercises an office in another's right."  Sanchez v. Murphy, 385 F. Supp. 1362 (D. Nev. 1974); Trammell v. Fidelity & Casualty Co. of New York, 45 F. Supp. 366 (E.D. S.C. 1942); Halter v. Leonard, 122 S.W. 706 (Mo. 1909).  We have not found any case in which a Texas court has adopted this definition of deputy, and we do not believe it applies to a deputy sheriff in Texas.  The Texas courts have instead emphasized that the deputy is the sheriff's alter ego. Heye v. Moody, 4 S.W. 242 (Tex. 1887); Bigham v. State, 148 S.W.2d 835 (Tex. Crim. App. 1941).  In any case, judicial definitions of "deputy" in statutes governing other offices do not necessarily apply to the deputy sheriff, who holds a common law office and whose role is to some extent defined by case law, of which statute is merely declaratory.  Rich v. Graybar Electric Co., supra; Blackburn v. Brorein, 70 So. 2d 293 (Fla. 1954).  We conclude that deputy sheriffs are not employees within the terms of the County Civil Service Act.  Our opinion is consistent with the decisions of courts in other states that deputies with duties equal to the sheriff's are not covered by civil service regulations. Blackburn v. Brorein, supra; Amico v. Erie County Legislature, 321 N.Y.S.2d 134 (App. Div. 1971).  See 15A Am. Jur.2d, Civil Service § 15; 70 Am. Jur.2d, Sheriffs, Police and Constables § 2.  In reaching this conclusion, we have considered only those deputies vested with governmental functions.  We have not considered appointments like those made by the county tax assessor-collector in Green v. Stewart, who deputized all employees in his office, including typists and file clerks.

We need not answer your remaining questions, which were premised upon a finding that the County Civil Service Act applies to deputy sheriffs.  Attorney General Opinion M-1088 (1972) is hereby overruled to the extent inconsistent with this opinion.

### S U M M A R Y

The County Civil Service Act, article 2372h-6, V.T.C.S. does not apply to deputy sheriffs.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

kml