

# THE ATTORNEY GENERAL
# OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

July 23, 1990

Honorable Terry M. Brown
Criminal District Attorney
Polk County
P. O. Box 1717
Livingston, Texas 77351

Opinion No. JM-1188

Re: Whether promotions of the son and daughter of a sheriff violate the nepotism statute, article 5996a, V.T.C.S. (RQ-2018)

Dear Mr. Brown:

You ask for an interpretation of section 1(c) of the Texas nepotism law, article 5996a, V.T.C.S. You state that the son and daughter of the current Polk County Sheriff were both employed by the sheriff's office at the time their father took office. Both had sufficient prior continuous service to retain their positions. See V.T.C.S. art. 5996a, § 1(b). After their father became sheriff, both the son and daughter received promotions: the son was promoted from deputy sheriff to sergeant (a higher-ranking deputy, we assume), and the daughter was promoted from jailer to deputy sheriff. You ask whether those promotions were in contravention of section 1(c) of article 5996a, which provides:

> When a person is allowed to continue in an office, position, clerkship, employment or duty because of [sufficient prior continuous service] . . . the Judge, Legislator, officer, or member of the governing body who is related to such person in the prohibited degree shall not participate in the deliberation or voting upon the appointment, reappointment, employment, confirmation, reemployment, change in status, compensation, or dismissal of such person, if such action applies only to such person and is not taken with respect to a bona fide class or category of employees.

You first ask whether the promotions were lawful because they were made by a deputy sheriff, not the sheriff himself. Section 1(c) of article 5996a states that an

officer shall not participate in the deliberation about or voting upon a change in status[1] of an employee related to him within a prohibited degree. If the officer in question is a member of a board, the related employee could receive a promotion or pay raise as long as the related board member did not discuss or vote on the promotion or pay raise. We do not think, however, that the sheriff avoided "participation" in the decision to promote his children by delegating the authority to make the decision to a deputy.[2]

A deputy serves at the pleasure of the sheriff. Local Gov't Code § 85.003(c). Consequently, the acts of a deputy are legally the acts of the sheriff. Heye v. Moody, 4 S.W. 242 (Tex. 1887); Cortimiglia v. Miller, 326 S.W.2d 278, 284 (Tex. Civ. App. - Houston 1959, no writ). The acts of a deputy in deputizing another person or in promoting another deputy are the acts of the sheriff. See Local Gov't Code § 85.003(e)(making clear that relationship between sheriff and deputy is that of principal and agent). But see Local Gov't Code §§ 158.001 - 158.015 (larger counties may operate sheriff's office under civil service system). Therefore, a deputy cannot lawfully perform an act that the sheriff is prohibited from performing himself.[3] In any case, the

---

1. You state that both the son and daughter received pay raises in connection with their promotions. The salary scale for various positions in the sheriff's office is set by the commissioners court. Local Gov't Code ch. 152. It is the decision to promote his son and daughter to a higher-paid position that raises questions under the nepotism statute.

2. You do not ask and we do not consider whether the language of section 1(c) is so vague as to fail to give notice of the proscribed conduct. Papachristou v. City of Jacksonville, 405 U.S. 156 (1972); see Bean v. State, 691 S.W.2d 773 (Tex. App. - El Paso 1985, writ ref'd) (holding Texas nepotism statute not unconstitutionally vague; case precedes addition of section 1(c) to nepotism statute).

3. We acknowledge that the language of section 1(c) may lead to some curious consequences. For example, not only does it prohibit an officer from promoting a relative, it appears to also prohibit the officer from dismissing a relative. Whether a sheriff may dismiss a relative is not the question before us.

applicability of the nepotism statute depends on whether the sheriff <u>may</u> exercise control over a decision to promote. <u>Pena v. Rio Grande City Consol. Indep. School Dist.</u>, 616 S.W.2d 658 (Tex. Civ. App. - Eastland 1981).

The second issue you raise is based on the language of section 1(c) providing that an officeholder may participate in a decision that affects a relative if the decision is made "with respect to a bona fide class or category of employees." An example of such a decision would be a decision to give a cost-of-living raise to all employees of the sheriff's office. The situation you describe is somewhat different. Viewing the facts in the light most favorable to the sheriff, it is a situation in which the sheriff's son and daughter received promotions that were consistent with the custom of the office. We do not think that the language regarding actions taken with respect to a bona fide category of employees was intended to give an officeholder's relatives the benefit of expectations created by custom or common practice. Furthermore, sheriffs' deputies serve at the pleasure of the sheriff, and their statutory at-will status cannot be undone by local custom. <u>See</u> <u>Batterton v. Texas Gen. Land Office</u>, 783 F.2d 1220 (5th Cir.), cert. denied, 107 S.Ct. 316 (1986) (custom contrary to state statute that allows removal at will cannot be source of due process interest).

## S U M M A R Y

A sheriff may not promote his son and daughter even though they had sufficient prior continuous service to retain their jobs in the sheriff's office after their father became sheriff.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General