F. JORDAN AND OTHERS V. S. TERRY, ADMINISTRATOR, ETC.

1. When a deputy sheriff performs any ministerial act, his return should disclose for whom he acts as deputy, and for what county.

2. A petition for a writ of error should set forth the residence of the defendant in error, or else allege that it is unknown to the plaintiff in error ; and when the citation and bond in error are both silent respecting the defendant's residence, they cannot cure an omission of such allegations in the petition.

3. A petition, citation and bond in error are fatally defective if, in their description of the judgment, they state the names of some only of the defendants against whom the judgment in the record was rendered.

ERROR from Tarrant. Tried below before the Hon. A. B. Norton.

The return on the citation in error commenced " came to hand," etc., and was signed " C. B. Murphy, deputy sheriff."

The other facts consist of omissions, and are clearly stated in the opinion of the court.

*Robards & Jackson*, for the defendant in error, filed the following motion to dismiss : Now comes Stephen Terry, administrator, etc., defendant in error in this cause, and by his attorneys moves the court to dismiss this case, and for cause of motion shows :

First—There has been no service of the writ of error in this cause ; the pretended return of service, on page 53 of transcript, not being made by any lawful authority recognized by law, but simply one " C. B. Murphy, deputy sheriff," without disclosing for whom or for what county he was a deputy sheriff.

Second—The petition for the writ of error wholly fails to allege in what county the defendant in error resides ; and this defect is not aided, supplied or cured by the citation nor by the error bond, which are themselves silent on that subject.

Third—In the petition for the writ of error, and in the citation

in error, and also in the error bond, there is a fatal misdescription of and variance from the judgment set forth in the transcript; the judgment in the transcript having been rendered against Francis Jordan as well as the plaintiffs in error, whereas the petition, citation and bond in error, all relate and refer to a different judgment, to-wit, to a judgment against Isaac Parker and Isaac Duke Parker alone.   (See 4 Tex., 287; 10 Tex., 277; 17 Tex., 155.)

No brief for plaintiff in error.

WALKER, J.—The service of the citation in error is defective. When any ministerial act is performed by a deputy sheriff, he should set forth for whom he acts as deputy, and for what county.

The petition in error is defective, in that it does not set forth the residence of the defendant, nor allege that it is unknown to the plaintiff in error.   The citation and the bond are both silent on this subject, and therefore do not cure the defect in the petition. (See 10 Texas R., Roberts v. Sollibellus, 353.)   The proceedings to obtain a revision of this case are so totally wanting in compliance with the law, that our greatest labor is in pointing out their defects, having no difficulty in arriving at conclusions upon their legal effect.

There is a fatal misdescription of the judgment in the district court, persisted in throughout, the petition in error, the citation and the bond.   A judgment against Francis Jordan, Isaac Parker and Isaac Duke Parker, was rendered in the court below (as shown by the record.)   The judgment sought to be set aside is a judgment against the Parkers only, and does not answer the description of that set forth in the transcript.

                                        Dismissed.