F. M. ARNOLD v. WM. L. SCOTT.

1. A deputy sheriff, in making return of citation served by him, must state for whom he acted as deputy.
2. Judgment by default upon citation served by a deputy sheriff, the return failing to show for whom the deputy acted, reversed on error.
3. Such return may be presumed to have been correct when drawn in question collaterally.

ERROR from Hunt. Tried below before the Hon. W. H. Andrews.

Scott sued Arnold on a promissory note.

The citation was served by a deputy sheriff, and the return was signed as follows: "F. P. Harden, Deputy Sheriff Hunt County, Texas."

Judgment by default was rendered for plaintiff.

The case is brought to the Supreme Court by writ of

error, and the error assigned was the insufficiency of the return to the citation.

*A. M. Jackson*, for appellant.

*W. C. Jones*, for appellee.—The defendant in error insists that the return of service is not defective. The deputy sheriff is an officer known to the law, and can make return of process by him served without disclosing the name of his principal, if, in signing the return, he states the county in which he acts as deputy. (Towns v. Harris, 13 Texas, 507; Miller v. Alexander, 13 Texas, 497, Sayles' Practice, 22, Sec. 31.)

The case of Jordan v. Terry, 33 Texas, 680, relied on by plaintiff in error to obtain a reversal of this cause, is not an authority in point. In that case, neither the petition in error, citation, nor bond set forth the residence of the defendant, and the return of service on the citation in error was signed, "C. B. Murphy, Deputy Sheriff," omitting the name of the principal sheriff and the county for which he was acting. In the case at bar, the return of service is signed "F. P. Harden, Deputy Sheriff Hunt County, Texas," and states the county for which he is acting as deputy sheriff—quite different from the case of Jordan v. Terry.

McAdoo, J.—In cases where the validity of the acts of an officer who signs his name as "deputy sheriff," without attesting in the name of the principal sheriff under whom he acts, have been drawn in question collaterally, this court has held that such signature of the officer was sufficient. (Miller v. Alexander, 13 Texas, 607.) We find no cases, however, where this ruling has been held in a direct proceeding, where such signature is held good.

In Jordan v. Terry (33 Texas, 680), Judge Walker, in delivering the opinion of the court, says: "The service

of the citation in error is defective. When any ministe-
rial act is performed by a deputy sheriff, he should set
forth for whom he acts as deputy, and for what county."

In Graves v. Robertson, 22 Texas, 130, Judge Bell
says : "It is true that in the earlier decisions of the
court, whenever questions were made as to the sufficiency
of the returns, the court refused to sustain such as were
not in conformity with the requirements of the statute.
But more recently greater laxity has crept into our de-
cisions and practice, until the question of sufficiency of a
sheriff's return has become matter for grave discussion.
In full view of the previous decisions of this court, and
of the temporary embarrassments and delays that will re-
sult, we think it necessary to lay the ax to the root of
the evil, and refuse any longer to recognize any return as
sufficient that does not show a compliance with the re-
quirements of the statute."

In the case of Roberts v. Stockslager, 4 Texas, 307,
Chief Justice Hemphill asserted the true rule on this
subject. In that case it is said : "How far presumption
would, in a collateral action, supply a return where alto-
gether wanting, or aid one which is defective, need not be
inquired into ; and it will be understood that we do not
intend this decision shall affect those cases in which re-
turns are brought in question collaterally. Nor do we
mean to interfere with decisions of the court which relate
to cases where parties have appeared in court, either in
person or by attorney, and have proceeded without ques-
tioning the sufficiency of the return or of the service."

Although the case above quoted from did not involve
the immediate question—that of the *signature* of the offi-
cer making the service—yet the reasoning in that case
applies as well to this.

It was in accordance with that rule that the decision in
the case of Jordan v. Terry was framed.

This is a case where judgment was taken by default. The service was defective in that the service purports to have been executed by a deputy sheriff who did not set forth for whom he acted as deputy.

The judgment is reversed and the cause remanded.