Charles Vance **PFEIFFER** et ux., Appellants,

v.

Bob Ray **BISSETT** et al., Appellees.

No. 14469.

Court of Civil Appeals of Texas.

San Antonio.

May 4, 1966.

Sidney P. Chandler, Corpus Christi, for appellants.

Lloyd, Lloyd, Dean & Ellzey, Alice, for appellees.

MURRAY, Chief Justice.

This is a divorce suit instituted by Bob Ray Bissett in the District Court of Jim Wells County, Texas, against his wife, Helen Elaine Bissett, seeking a divorce on the grounds of cruel treatment. The defendant filed an original answer containing a general denial; thereafter Anna Lou Pfeiffer and Charles Vance Pfeiffer, the mother and stepfather of Mrs. Bissett, filed a petition of intervention in the cause. The plaintiff filed a motion to strike the intervention, and the trial court after hearing the motion granted it and struck the intervention from the suit.

On October 4, 1965, the court heard the divorce suit and granted plaintiff a divorce from defendant, awarded custody of their one-year-old son, David Ray Bissett, to the mother and ordered the father to pay $25 a month for the support of the child. Charles Vance Pfeiffer and Anna Lou Pfeiffer gave notice of appeal to this Court.

Appellants' first point of error is as follows:

"The judgment entered in this cause is void because the Court did not have jurisdiction over the person of the Defendant, Helen Elaine Bissett."

■ It is appellants' contention that inasmuch as no citation was issued and served on defendant, and there was no waiver of service as provided for in Rule 119, T.R.C.P., the court had no jurisdiction over the defendant and the judgment is void. We overrule this contention. The defendant filed an answer signed by an attorney of her own choice, Hon. Ted Anderson of Corpus Christi, Texas. This answer constituted an appearance in the case by the defendant and eliminated the necessity of issuing and serving a citation on the de-

fendant. Rule 120, T.R.C.P.; Burger v. Burger, 156 Tex. 584, 298 S.W.2d 119 (1957); Clagett v. Neugebauer, Tex.Civ. App., 376 S.W.2d 768; White v. Zoning Bd. of Adjustment of Arlington, Tex.Civ. App., 363 S.W.2d 955; Hart v. Hunter, 52 Tex.Civ.App. 75, 114 S.W. 882.

Appellants' second point is as follows:

"Obviously the Interveners have a justiciable interest in the welfare of the grandchild David Ray Bissett and it was error to dismiss and strike the petition of intervention from this case."

■ As a general rule the husband and wife are the only proper parties to a divorce suit. 20 Tex.Jur.2d, § 78. The mother and father of the wife who are interested in the welfare of the child may intervene in the divorce case, subject to having their intervention stricken on motion of the husband for good cause shown. 44 Tex.Jur.2d, § 41, p. 192. Before this case can be reversed because the petition for intervention was struck, it must be shown under the provisions of Rule 434, T. R.C.P., that the rights of interveners were prejudiced. Interveners pled, among other things, that their daughter, Helen Elaine Bissett, was a proper person to have the custody of her child, and asked the court to award the custody of the child to her or to some other proper person. They further asked the court to award at least $100 a month for the care and support of the child, and here complain because the award was only $25 a month, which was to be paid to the wife, who was given custody of the child. Under these facts the interveners below have failed to show that they have been injured in any way by the striking of their petition for intervention.

■ Interveners here contend that the evidence was insufficient to justify the granting of a decree of divorce to the husband. As far as this record shows, both the husband and wife were satisfied with the decree of divorce and neither gave notice of appeal. Interveners have no justi-

ciable interest in this divorce that gives them a right to ask that the judgment be set aside for insufficiency of evidence. In fact, the interveners would have no authority and no right to give notice of appeal from that part of the judgment which granted the divorce.

The trial judge did not abuse his discretion in striking the petition for intervention, and the interveners have failed to show that they have suffered any injury as a result of their petition having been stricken by the trial judge.

The judgment granting the divorce, awarding the custody of the child to its mother, and ordering the husband to pay $25 per month for the support of the child is affirmed.