Tommy L. TRAVIESO, Appellant,

v.

Eva TRAVIESO, Appellee.

No. 16467.

Court of Appeals of Texas, San Antonio.

April 20, 1983.

Pat Maloney and Tim Tinan, Law Offices of Pat Maloney, San Antonio, for appellant.

Robert Estrada, San Antonio, for appellee.

Before ESQUIVEL, BUTTS and CANTU, JJ.

## OPINION

ESQUIVEL, Justice.

This is an appeal by writ of error from a default judgment in a divorce case wherein the appellant contends that service was improper and that the trial court therefore acquired no jurisdiction over him. On May 23, 1978, Eva Travieso filed an original petition for divorce in the District Court of Wilson county. Citation was issued for service upon her then husband, Tommy L. Travieso, on May 24, 1978. On the first page of the citation the first line of the "Officer's Return" is filled out indicating that the citation came to hand on the 24th day of May, 1978, at 1:00 p.m. The rest of the return, which contains blanks to be filled in to indicate the time, date, place and manner of service, the person served, and the officer serving the citation, is not filled in. On the back of the citation is a "Certificate of Delivery" which recites:

I do hereby certify that I delivered to Tommy L. Travieso, on the 27 day of May, 1978, at 2:09 o'clock P.M., this a true copy of this citation together with the accompanying copy of the petition.

_____ Sheriff Constable

_____ County, Texas

By __(illegible)__ Deputy

A purported waiver of citation also appears in the record signed by Tommy L. Travieso. The waiver reads as follows:

Comes now the Defendant in the above entitled and numbered cause and hereby waives the issuance, service and return of summons in this cause and voluntarily enters his appearance herein and consents that said cause may be tried forthwith.

Dated this *1st* day of May, 1979.

A Decree of Divorce was signed by the trial court on September 20, 1979, and an Amended Decree of Divorce was signed on November 9, 1979. Both decrees recite that the respondent, "though duly served, answered not nor did he appear."

Appellant presents two issues in his three points of error. He argues that the trial court erred in finding that he was duly served since the record discloses on its face that no service of process was had upon him. His second argument is that the trial court erred in finding that it had jurisdiction over appellant since the record shows affirmatively that the purported waiver of citation does not comply with the requirements of Rule 119 [1] in that it does not acknowledge receipt by appellant of a copy of the plaintiff's petition, nor does it include appellant's mailing address.

Appellee argues that examination of the complete citation reveals proper service. She argues that the portion of the citation designated "Officer's Return" must be construed with the "Certificate of Delivery" paragraph, and that a fair, reasonable, and rational construction of the citation in its entirety shows service of citation sufficient to apprise appellant of the proceedings. *See Brown-McKee, Inc. v. J.F. Bryan & Associates,* 522 S.W.2d 958, 959 (Tex.Civ. App.—Texarkana 1975, no writ) (return in its entirety together with the citation to which it refers must be construed in determining its sufficiency).

■ We have considered the return, together with the citation to which it refers and cannot reach the determination that it is sufficient. We cannot agree with appellee. It is beyond dispute that when a default judgment is directly attacked by a

1. All references to rules are to the Texas Rules of Civil Procedure.

writ of error, the rules regarding the issuance, service, and return of process are mandatory, and failure to show affirmatively a strict compliance with those rules will render the attempted service of process invalid. *McKanna v. Edgar,* 388 S.W.2d 927, 929–30 (Tex.1965); *Mega v. Anglo Iron & Metal Co. of Harlingen,* 601 S.W.2d 501, 503 (Tex.Civ.App.—Corpus Christi 1980, no writ). In direct attacks the normal presumptions regarding valid issuance, service, and return of citation do not apply. *McKanna v. Edgar, supra* at 929; *Flynt v. City of Kingsville,* 125 Tex. 510, 82 S.W.2d 934, 934 (1935).

The return of an officer executing a citation is regulated by Rule 107. The citation does not strictly comply with Rule 107. That rule establishes three requirements for the proper return of citation by personal service. The return "shall state when the citation was served and the manner of service and be signed by the officer officially." While the "Certificate of Delivery" shows compliance with the first two requisites of Rule 107 by stating when it was served and the manner of service, it fails to show that it was signed by the officer officially. When the citation is served by a deputy, compliance with requirement occurs only when the deputy effecting service indicates for whom he or she acted as deputy. *Arnold v. Scott,* 39 Tex. 378, 381 (1873); *Jordan v. Terry,* 33 Tex. 680, 681 (1870). When Rule 107 is read in conjunction with Rule 103, it is apparent that "the officer" spoken of in Rule 107 is "the sheriff or any constable" referred to in Rule 103. *Cortimiglia v. Miller,* 326 S.W.2d 278, 284 (Tex.Civ.App.—Houston 1959, no writ); *Hays v. Byrd,* 14 Tex.Civ.App. 24, 36 S.W. 777, 778 (Tex.Civ.App.1896, no writ). While such officer may act through a deputy, the official signature requirement of Rule 107 is complied with only when that deputy makes his or her return over the official signature of the sheriff or constable. *Cortimiglia v. Miller, supra* at 283; *Hays v. Byrd, supra* at 778. *See also Heye v. Moody,* 67 Tex. 615, 4 S.W. 242, 243 (1887) (writs may be executed by a deputy who makes the returns in the name of his

or her sheriff or constable). Since the return in the instant case is not signed by the officer officially, it is fatally defective and will not support a default judgment under direct attack.

We also hold that the purported waiver of citation is fatally defective. The last two sentences of Rule 119 state:

> The party signing such memorandum *shall* be delivered a copy of plaintiff's petition, and the receipt of the same *shall* be acknowledged in such memorandum. In every divorce action such memorandum *shall* also include the defendant's mailing address. [Emphasis supplied.]

These requirements are clearly mandatory. Although the word "shall" is frequently construed to be merely directory, it generally is held to be mandatory. *Lewis v. Jacksonville Building & Loan Association,* 540 S.W.2d 307, 310 (Tex.1976). In determining whether an act (or here, a rule) is to be given a mandatory or permissive construction, consideration is to be given to the entire act, its nature and object, and the consequences that would follow from each construction. *Chisholm v. Bewley Mills,* 155 Tex. 400, 287 S.W.2d 943, 945 (1956); *Green v. County Attorney of Anderson County,* 592 S.W.2d 69, 73 (Tex.Civ.App.—Tyler 1979, no writ). In the only "legislative history" we have regarding either of the final two sentences of Rule 119, it is said that the purpose of that Rule's penultimate sentence is to prevent certain abuses in divorce cases. Stayton, *Analysis of Changes,* 4 Tex.B.J. 667, 668 (1941). It is incongruous that the Supreme Court, seeking to prevent abuses in the waiver of citation process, intended that the requirements of delivery of the petition and receipt therefor be directory. We feel that the same mandatory construction should apply to the requirement that the defendant's mailing address be included in the waiver. Thus, we hold that since the waiver of citation in this case met neither of these requirements, it is fatally defective.

The trial court did not acquire jurisdiction over appellant, and its judgment

will be reversed. It is pointed out that under Rule 123, prosecution of the writ of error by appellant in which he invoked the jurisdiction of this Court to reverse the judgment constitutes a personal appearance, and it will not be necessary to issue and serve further process.

The judgment of the trial court is reversed, and the cause is remanded for new trial.

CANTU, Justice, dissenting.

I respectfully dissent. While I agree that the citation in this case may be defective, and that the waiver of service of citation may not comply with Tex.R.Civ.P. 119, I believe the appellant in this case voluntarily submitted to the jurisdiction of the trial court. The majority does not take cognizance of the fact that the written, signed and notarized waiver of citation, also contained the recital that appellant "voluntarily enters his appearance herein and consents that said cause may be tried forthwith." Such a writing, filed in the trial court, in my opinion, constituted an appearance.

The cornerstone to making an appearance under the current Texas procedures, according to McDonald, is ". . . affirmative action which impliedly recognizes the court's jurisdiction over the parties." 1 R. McDonald, Texas Civil Practice in District and County Courts § 3.45.1 (1982).[1] In *Radford v. Radford,* 42 S.W.2d 1060 (Tex.Civ.App.—Texarkana 1931, no writ), the language of an admittedly valid waiver also recited ". . . she makes this her appearance and answer herein and agrees that the same (the suit for divorce) may proceed to trial and judgment as if she had been duly cited according to law." The court stated that this was an appearance under the general rule that whenever a defendant invokes the judgment of the court other than for a challenge to the jurisdiction, he makes a general appearance, citing as authority *St. Louis & S.F.R. Co. v. Hale,* 109 Tex. 251, 206 S.W. 75 (1918), which lists numerous authorities supporting the rule. The court also noted it was an appearance under art. 2047, R.S., the verbatim predecessor to Rule 121, stating that an answer is an appearance.[2]

Nor do I believe that the defect found by the majority in the present case places the defective waiver beyond the purview of constituting an appearance. I know of no rule of law that states that in order to enter an appearance in the district court, the defendant must provide the clerk with his mailing address. Indeed such a distinction would be ludicrous and fly in the face of established precedent. *See St. Louis & S.F.R. Co. v. Hale,* 109 Tex. 251, 206 S.W. 75 (1918); *Toler v. Travis County Child Welfare Unit,* 520 S.W.2d 834 (Tex.Civ.App.— Austin 1975, no writ); *Holland Page, Inc. v. Capitol Truck & Trailor Co.,* 518 S.W.2d 441 (Tex.Civ.App.—Beaumont 1974, writ ref'd n.r.e.).

It is routinely held that the filing with the papers in the cause of any writing not going to the jurisdiction of the Court and which asks or *consents to action by the Court* in the cause constitutes a general appearance. (Emphasis supplied). 6 C.J.S. *Appearances* § 19. Since the defendant, by entering his appearance in writing and consenting to the trial of the case in his absence, impliedly recognizes the jurisdiction of the court, "the validity or invalidity of the precedent service of citation was entire-

---

1. Stated otherwise earlier opinions have commented that ". . . [A]n appearance is said to be strictly voluntary when, without the service of process, a defendant in some manner indicates his intention to submit his person and cause to the jurisdiction of the Court," *York v. State,* 73 Tex. 651, 11 S.W. 869 (1889), aff'd, 137 U.S. 15, 11 S.Ct. 9, 34 L.Ed. 604 (1890), and that ". . . [A]n unqualified appearance [not a special appearance] for any other purpose would amount to a general appearance, and operates as a waiver of any defects in the process."

*Rhoades v. El Paso & S.W. Railway Co.,* 230 S.W. 481 (Tex.Civ.App.—Amarillo 1921, no writ).

2. An answer constitutes an appearance under Tex.R.Civ.P. 121, *Pfeiffer v. Bissett,* 402 S.W.2d 938 (Tex.Civ.App.—San Antonio 1966, no writ), and the term "answer" has been held to include all pleadings by the defendant. *Lindsey v. Ferguson,* 80 S.W.2d 407 (Tex.Civ.App. —Eastland 1935, no writ).

ly immaterial." *St. Louis & S.F.R. Co. v. Hale, supra.* Having made an appearance, appellant is presumed to be in court and cognizant of all subsequent proceedings in this cause. *Carter v. G & L Tool Company of Utah,* 428 S.W.2d 677 (Tex.Civ.App.— San Antonio 1968, no writ).

I would therefore hold that when appellant signed and caused to be filed the instrument denominated by the cause number and style of his divorce, which states that he voluntarily entered his appearance, he did just that.