Affirmed and Opinion filed February 15, 2011. 

In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-09-00810-CV



 

Appoximately $58,641.00 and
One 2005 Acura TL, Appellants

V.

The State of Texas, Appellee

 



On Appeal from the 80th District
Court

Harris County, Texas

Trial Court Cause No. 2009-01162



 

OPINION

 

This is a restricted appeal from a civil forfeiture
proceeding under Chapter 59 of the Texas Code of Criminal Procedure.  See
Tex. Code Crim. Proc. Ann. arts. 59.01-.14 (Vernon 2008).  The trial court
entered a default judgment against Darnell Wayne Menard and ordered that (1) $58,641
be forfeited to the State as contraband; and (2) One 2005 Acura TL be returned
to the vehicle’s registered lien holder, sold to satisfy the currently pending
lien, and any excess sale amount forfeited to the State as contraband.  In two
issues, Menard contends that the trial court erred by (1) denying his motion
for new trial as untimely filed; and (2) concluding that it had jurisdiction.  We
affirm the trial court’s judgment.

Background

The State of Texas filed a notice of seizure and
forfeiture pursuant to chapter 59 of the Texas Code of Criminal Procedure on
January 7, 2009, alleging that approximately $58,641 and One 2005 Acura TL were
seized from Menard on December 8, 2008 and constituted contraband subject to
forfeiture.  Menard’s attorney, Sid Lyle, accepted service pursuant to Texas
Rule of Civil Procedure 119 on behalf of Menard on February 19.  The acceptance
of service stated: “Darnell Menard has authorized me to accept service for him
and I hereby do accept service for him on the 19th day of February 2009, in the
Matter of the State of Texas v. Approximately $58,641.00 and One 2005 Acura
TL.  I submit that this acceptance of service meets all the requirements of
T.R.C.P. 119.”

After Menard failed to file an answer or make an
appearance,[1]
the trial court signed a default judgment on March 17, 2009 ordering that (1)
$58,641 be forfeited to the State as contraband; and (2) One 2005 Acura TL be
returned to the vehicle’s registered lien holder, sold to satisfy the currently
pending lien, and any excess sale amount forfeited to the State as contraband. 


Menard filed a motion on June 19, 2009, requesting a new
trial because (1) Menard and his attorney, Sid Lyle, “never received Notice of
Hearing for Default Judgment or Notice of Final Judgment;” and (2) Menard only
became aware of the default judgment on May 21, 2009.  In his motion, Menard
stated that, in the assistant district attorney’s office, he authorized his
attorney Lyle to accept service for him, and that “Attorney Lyle accepted
service on February 19, 2009 in compliance with Rule 119, Texas Rules of Civil
Procedure.”  Menard argued that this acceptance of service put the State and
the trial court “on notice that all future correspondence should be sent to
[Menard’s] Attorney, Sidney Lyle” and constituted a general appearance on his
behalf.  According to Menard, this appearance entitled Lyle to “Notice of
Motion for Default Judgment and Final Judgment;” however, Lyle did not receive
notice of either one.  Menard attached an affidavit to his motion in which he
stated that he (1) “never received a notice of trial setting at which the court
granted the default judgment;” and (2) “did not discover that a default
judgment had been signed until May 21, 2009.”

The State filed a response to Menard’s motion for new
trial on July 16, 2009.  The State argued that Menard (1) failed to appear or
answer; (2) was not entitled to pre-judgment notice; (3) received actual notice
of the default judgment within 20 days of the date the judgment was signed; and
(4) filed his motion for new trial untimely because he did not file it within
30 days from the date the judgment was signed, rendering his motion void.  In
the attached affidavit, the State averred that (1) Menard and Lyle requested to
meet with assistant district attorney Spalding to discuss the forfeiture case;
(2) Spalding prepared an acceptance of service letter at the request of Menard
and Lyle; (3) Lyle reviewed and signed the acceptance of service in the
presence of a notary public; (4) Spalding gave Menard and Lyle each a copy of
the State’s notice of seizure and forfeiture; (5) after Menard failed to appear
or answer, it filed a proposed default judgment; (6) Spalding advised Lyle
during a telephone conversation on March 25, 2009 that the trial court had
signed a default judgment on March 17, 2009; (7) during the conversation, Lyle
informed Spalding that he intended to discuss filing a motion for new trial
with Menard; and (8) Spalding held the execution of the judgment in
anticipation of a motion for new trial until April 24, 2009.

The trial court signed an order denying Menard’s
motion for new trial on July 17, 2009.  In its order, the trial court stated
that it denied Menard’s motion “[a]fter considering the motion, the response,
the pleadings of record and the applicable law, and after hearing and arguments
of counsel.” 

Menard filed a notice of appeal on September 3,
2009.  Although Menard’s notice of appeal did not strictly comply with the
requirements for a restricted appeal, the notice stated that Menard “gives
notice of his intent to appeal the trial court’s judgment” under Appellate
Procedure Rules 30 and 26.1(c).  On November 5, 2009, Menard filed an amended
notice of restricted appeal and a motion for leave to file an amended notice of
appeal.  This court granted Menard’s motion to amend and ordered the amended
notice of restricted appeal filed on November 19, 2009.  The amended notice of
appeal complied with the requirements for the content of a notice of restricted
appeal.  See Tex. R. App. P. 25.1(d)(7).  

Analysis

On appeal, Menard argues that the trial court erred
by (1) denying his motion for new trial as untimely filed when he established,
in compliance with Texas Rule of Civil Procedure 306a(4), that he did not
receive notice of the March 17, 2009 default judgment until May 21, 2009; and
(2) concluding that it had in personam jurisdiction over him when “the record shows
affirmatively that the waiver of service was fatally defective and did not meet”
the requirements of Texas Rule of Civil Procedure 119.

To prevail in a restricted appeal, Menard must
establish that (1) he filed notice of the restricted appeal within six months
after the judgment was signed; (2) he was a party to the underlying lawsuit;
(3) he did not participate in the hearing that resulted in the complained-of judgment
and did not timely file any post-judgment motions or requests for findings of
fact and conclusions of law; and (4) error is apparent on the face of the
record.  Alexander v. Lynda’s Boutique, 134 S.W.3d 845, 848 (Tex. 2004).

I.                  
Jurisdiction

Before we turn to Menard’s two issues, we address the
State’s argument that Menard’s appeal should be dismissed for want of
jurisdiction because Menard failed to file his notice of restricted appeal
within six months of the date on which the trial court signed the default
judgment.  We reject the State’s argument and follow the supreme court’s
holding in Sweed v. Nye, 323 S.W.3d 873, 873-75 (Tex. 2010) (per curiam).[2]

In Sweed, the appellant filed a notice of
appeal that did not contain all of the information required for a notice of
restricted appeal five and one-half months after the trial court dismissed his
case.  Id. at 873-74.  The appellant amended the notice to include the
missing information a month later; the court of appeals dismissed the appeal on
grounds that the original, incomplete notice of restricted appeal was
insufficient to invoke its jurisdiction and the amended notice was not timely. 
Id.  The supreme court concluded that Sweed’s original notice of appeal
invoked appellate jurisdiction even though it was incomplete.  Id. at
874.

Quoting Texas Rule of Appellate Procedure 25.1(a),
the supreme court stated that “an appeal is perfected when a written notice of
appeal is filed with the trial court clerk.”  Id. (quoting Tex. R. App.
P. 25.1(a)).  Rule 25.1(f) contemplates that information might be omitted from
a notice of appeal and specifically authorizes a party to file an amendment to
correct a defect or omission in an earlier filed notice before the appellant’s
brief is filed.  Id. (citing Tex. R. App. P. 25.1(f)).  The court
reiterated that it “has consistently held that a timely filed document, even if
defective, invokes the court of appeals’ jurisdiction.”  Id. (citing Grand
Prairie Indep. Sch. Dist. v. S. Parts Imports, Inc., 813 S.W.2d 499, 500
(Tex. 1991) (per curiam), and Warwick Towers Council of Co-Owners ex. rel.
St. Paul Fire & Marine Ins. Co. v. Park Warwick, L.P., 244
S.W.3d 838, 839 (Tex. 2008) (per curiam)).

Although Menard’s notice of appeal did not strictly
comply with the requirements for a restricted appeal,[3]
the notice nonetheless indicated Menard’s intent to appeal the default judgment
under Rules 26.1 and 30 and, thus, constituted a bona fide attempt to invoke
appellate court jurisdiction.  See Sweed, 323 S.W.3d. 873,
873-75; Warwick Towers Council of Co-Owners, 244 S.W.3d at 839.  Additionally,
upon motion for leave, Menard filed an amended notice of appeal which satisfied
the requirements for filing a restricted appeal set out in Rule 25.1(d).  See
Warwick Towers Council of Co-Owners, 244 S.W.3d at 839 (“[i]f the appellant
timely files a document in a bona fide attempt to invoke the appellate court’s
jurisdiction, the court of appeals, on appellant’s motion, must allow the
appellant an opportunity to amend or refile the instrument required by law or
our Rules to perfect the appeal.”).

Accordingly, we hold that this court has jurisdiction
to consider Menard’s appeal.  See Sweed, 323 S.W.3d at 874-75.

II.              
Acceptance of Service

We next address Menard’s second issue, in which he
contends that the trial court erred by concluding that it had “in personam
jurisdiction over [Menard] since the record shows affirmatively that the waiver
of service was fatally defective and did not meet” the requirements of Civil
Procedure Rule 119.

Rule 119 provides that a “defendant may accept service
of process, or waive the issuance or service thereof by a written memorandum
signed by him, or by his duly authorized agent or attorney, after suit is
brought, sworn to before a proper officer other than an attorney in the case,
and filed among the papers of the cause, and such waiver or acceptance shall
have the same force and effect as if the citation had been issued and served as
provided by law.”  Tex. R. Civ. P. 119.  It further provides that “[t]he party
signing such memorandum shall be delivered a copy of plaintiff’s petition, and
the receipt of the same shall be acknowledged in such memorandum.”  Id.

Relying on Travieso v. Travieso, 649 S.W.2d
818 (Tex. App.—San Antonio 1983, no writ.), Menard contends that the “waiver of
service” signed by his attorney Lyle “is clearly deficient” because the “waiver
failed to state that, ‘the party signing such memorandum shall be delivered a
copy of plaintiff’s petition and the receipt of the same shall be acknowledged
in such memorandum.’”  Menard argues that failure to strictly comply with Rule
119 “renders the purported waiver of service fatally defective” so that the
trial court never “acquired in personam jurisdiction” over him.

Menard made the opposite argument in the trial
court.  In his motion for new trial, Menard stated that (1) in the office of
the assistant district attorney, he authorized attorney Lyle to accept service
for him; (2) “Attorney Lyle accepted service on February 19, 2009 in compliance
with Rule 119;” and (3) “[t]he ‘Acceptance of Service’ was duly signed.”  Because
Menard argued below that his attorney accepted service in compliance with Rule
119 on his behalf, his contrary argument and claim that Lyle signed a fatally
defective “waiver of service” is not persuasive.

Regardless of this inconsistency, we conclude that
the acceptance of service was proper in this case.  The acceptance of service
stated: “Darnell Menard has authorized me to accept service for him and I
hereby accept service for him on the 19th day of February 2009, in the Matter
of the State of Texas v. Approximately $58,641.00 and One Acura TL.  I submit
that this acceptance of service meets all the requirements of T.R.C.P. 119.” 
The acceptance was sworn and signed before a notary public by “Sid Lyle,
Attorney for Darnell Menard.”  This notarized writing sufficiently acknowledges
that (1) Lyle accepted service on behalf of Menard; and (2) the acceptance of
service met Rule 119’s requirements.

Menard misplaces his reliance on Travieso because
that case is distinguishable.  In Travieso, the court of appeals
concluded that the waiver of service was defective because it did not contain a
written acknowledgement that the defendant received a copy of the plaintiff’s
petition; the purported waiver of service merely stated: “Comes now the
Defendant in the above entitled and numbered cause and hereby waives the
issuance, service and return of summons in this cause and voluntarily enters
his appearance herein and consents that said cause be tried forthwith.”  Id.
at 819-20.  Nothing in Travieso indicated that the waiver of service
complied with the requirements of Rule 119.  Here, in contrast, the sworn and
signed acceptance of service clearly stated in writing that the acceptance met
“all the requirements” of Rule 119.  

A written recitation that the acceptance of service
meets all requirements of Rule 119 satisfies the requirement of a written
memorandum.  See Tex. R. Civ. P. 119.  Additionally, the State’s
unobjected-to affidavit shows that Menard and Lyle received a copy of the
State’s petition at the time Lyle signed the acceptance of service.  Menard
never argued that he or his attorney did not receive a copy of the State’s
petition in this case.  Because we conclude that acceptance of service was not
defective, we overrule Menard’s second issue.

III.           
Motion for New Trial

In his first issue, Menard argues that the trial
court erred by denying his motion for new trial of June 19, 2009 as untimely
filed because he established that he did not receive notice of the March 17,
2009 default judgment until May 21, 2009 in compliance with Civil Procedure
Rule 306a(4).  See Tex. R. Civ. P. 306a(4).  Menard argues that the
timetable for filing his motion for new trial “should not have started on March
25, 2009, the date Sid Lyle was allegedly notified of the default judgment”
because Lyle was not Menard’s attorney of record and “not the proper party to
notify of the entry of the default judgment.” 

A motion for new trial is timely if it is filed
within 30 days after the date on which the trial court judgment is signed.  See
Tex. R. Civ. P. 329b(a); John v. Marshall Health Servs., Inc., 58 S.W.3d
738, 739-40 (Tex. 2001); Equinox Enters., Inc. v. Associated Media Inc.,
730 S.W.2d 872, 874 (Tex. App.—Dallas 1987, no writ).  Rule 306a(1) provides
that the periods within which parties may file post-judgment motions and trial
courts may exercise their plenary jurisdiction run from the date on which the
judgment is signed.  Tex. R. Civ. P. 306a(1); John, 58 S.W.3d at 740.  

Rule 306a(3) requires clerks to notify parties or
their attorneys immediately when a judgment is signed.  Tex. R. Civ. P. 306a(3);
John, 58 S.W.3d at 740-41.  Rule 306a(4) also provides the following
exception to Rule 306a(1): “If within twenty days after the judgment . . . is
signed, a party adversely affected by it or his attorney has neither received
the notice required by paragraph (3) of this rule nor acquired actual knowledge
of the order, then . . . all the periods mentioned in paragraph (1) shall begin
on the date that such party or his attorney received such notice or acquired
actual knowledge of the signing, whichever occurred first . . . .”  Tex. R.
Civ. P. 306a(4); John, 58 S.W.3d at 740-41.  Rule 306a(5) prescribes the
procedure for claiming this exception.  To establish the application of Rule 306a(4),
the adversely affected party must prove in the trial court on sworn motion and
notice the date on which the party or his attorney first received a notice of
the judgment or acquired actual knowledge of the signing, and that this date
was more than 20 days after the judgment was signed.  Tex. R. Civ. P. 306a(5); John,
58 S.W.3d at 741.  

  The trial court’s order denying Menard’s motion for
new trial does not specify the reason for the denial.  Based on the record
before us, we reject Menard’s contention that the trial court erred in
concluding Menard’s motion for new trial was untimely.

Menard did not file a separate Rule 306a(5) motion to
establish (1) the operative date of judgment; and (2) the Rule 306a(4)
exception extending the 30-day deadline for filing post-judgment motions.[4] 
Menard filed only a motion for new trial in which he argued that the trial
court should grant his motion because (1) he authorized Lyle to accept service
for him; (2) Lyle accepted service on February 19, 2009 in compliance with Rule
119; (3) the acceptance of service was signed by Lyle “in his capacity as
Attorney for [Menard] thereby putting [the State] and this Honorable Court on
notice that all future correspondence should be sent to [Menard’s] Attorney,
Sidney Lyle;” (4) “Lyle was entitled to Notice of the Trial Setting, including
but not limited to, Notice of Motion for Default Judgment and Final Judgment;”
(5) Lyle never received “notice of hearing on default judgment nor notice that
a final judgment had been rendered;” and (6) Menard “did not become aware of
the Default Judgment until May 21, 2009.”

Menard attached an affidavit to his motion for new
trial in which he stated, “I never received a notice of trial setting at which
the court granted the default judgment.  I did not discover that a default
judgment had been rendered in this matter until May 21, 2009.”  Menard did not
provide an affidavit from Lyle reflecting the date on which Lyle received notice
that the trial court had signed a default judgment.

The State responded and argued, among other things,[5]
that the trial court should deny Menard’s motion because Menard (1) received
actual notice of the default judgment when the State informed Lyle on March 25,
2009 that a default judgment had been signed; and (2) failed to attach an
affidavit by Lyle establishing the date Lyle received notice of the default
judgment.  The State also argued that Menard’s motion was untimely and,
therefore, void because Menard (1) received notice of the default judgment
eight days after it was signed; and (2) filed his motion more than 30 days
after the trial court signed the default judgment.  

Additionally, the State attached assistant district
attorney Spalding’s affidavit in which she averred as follows: 

On March 18, 2009, I received a voicemail message from Sid
Lyle that had been left after business hours the previous day. I returned his
call, and left a message.  On March 25, 2009, I again contacted Mr. Lyle and left
a message on his voicemail.  Mr. Lyle returned my call the same day, at which
time I advised him that a default judgment in this cause had been signed by the
Court on March 17, 2009.  Mr. Lyle informed me during this conversation that he
intended to discuss the filing of a Motion for New Trial with the Respondent,
Darnell Wayne Menard.  I then held execution of the judgment in this cause, in
anticipation of the possible filing of a Motion for New Trial.  Though thirty
(30) days from the date of judgment expired on April 16, 2009, I held the
judgment until April 24, 2009, thirty (30) days from the date of my
conversation with Mr. Lyle.

The State’s unobjected-to affidavit establishes that
Lyle received actual notice on March 25, 2009 — eight days after the trial
court signed the default judgment on March 17, 2009.  Menard’s motion for new
trial establishes that Lyle was Menard’s attorney, and notice of default
judgment to Lyle also constituted notice to Menard.  See Tex. R. Civ. P.
306a(4),(5).  Nothing in the appellate record supports Menard’s assertion that
Lyle was “not the proper party to notify of the entry of the default judgment.” 
Accordingly, Menard received actual notice on March 25, 2009 that the trial
court had signed a judgment against him.  Menard therefore was required to file
his motion for new trial within 30 days after the trial court signed the
default judgment on March 17, 2009.  See Tex. R. Civ. P. 306a, 329b(a).

Because Menard filed his motion for new trial on June
19, 2009, his motion was untimely.  See Tex. R. Civ. P. 306a, 329b(a),
(b); John, 58 S.W.3d at 740-41.  Menard’s untimely motion for new trial
was a nullity, and the trial court lacked plenary power to consider it.  See
Tex. R. Civ. P. 306a, 329b(a), (b);  Equinox Enters., Inc., 730 S.W.2d
at 875.  We overrule Menard’s first issue.

Conclusion

We affirm the default judgment of the trial court.                                                                                                                                                                                                                                  

                                                            /s/         William
J. Boyce

                                                                        Justice

 

 

Panel consists of Justices Seymore,
Boyce, and Christopher.









[1]
See Tex. R. Civ. P. 15, 99, 120-122.





[2]
We denied the State’s motion to dismiss for want of jurisdiction on March 11,
2010.  





[3]
The notice of restricted appeal must: (1) state that the appellant is a party
affected by the trial court’s judgment but did not participate — either in
person or through counsel — in the hearing that resulted in the judgment
complained of; (2) state that the appellant did not timely file either a
post-judgment motion, request for findings of fact and conclusions of law, or
notice of appeal; and (3) be verified by the appellant if the appellant does
not have counsel.  Tex. R. App. P. 25.1(d)(7).





[4]
The record does not reflect that the trial court held a hearing to determine
the effective date of the default judgment.  





[5]
The State also argued in its response that Menard (1) failed to argue and
establish any of the three factors of Craddock v. Sunshine Bus Lines,
Inc., 134 Tex. 388, 133 S.W.2d 124, 126 (1939) necessary to set aside a no
answer default judgment; (2) failed to appear or answer; and (3) was not
entitled to notice before entry of default judgment.