ACCEPTED
04-14-00741-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
1/5/2015 11:08:18 PM
KEITH HOTTLE
CLERK

# No. 04-14-00741-CV

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
01/5/2015 11:08:18 PM
KEITH HOTTLE
Clerk

THE COURT OF APPEALS FOR THE FOURTH DISTRICT OF TEXAS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEIDRE ELANE SCHAMP**

V

**EDWARD MITCHELL**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

FROM THE 57TH JUDICIAL DISTRICT COURT OF BEXAR COUNTY, TEXAS

THE HONORABLE JUDGE SOLOMON CASSEB, III PRESIDING

---

# APPELLANT'S BRIEF

---

Julie L. Krenek
State Bar No. 24065574
LAW OFFICE OF JULIE KRENEK PLLC
6814 Lebanon Road, Suite 101
Frisco, Texas 75034
Tel: (214) 675-4436
Fax: (214)842-6674
julie@dfwfamilylaw.net
Attorney for Appellant,
Deidre Elane Schamp

ORAL ARGUMENT NOT REQUESTED

# IDENTITY OF PARTIES AND COUNSEL

Deidre Elane Schamp, Appellant
Julie L. Krenek
State Bar No. 24065574
Attorney for Appellant
Law Office of Julie L Krenek, PLLC
6814 Lebanon Suite 101
Frisco, Texas 75034
Tel: 214.675.4436
Fax: 214.842.6674
julie@dfwfamilylaw.net


Edward Mitchell, Appellee
Jon Disrud
State Bar No. 00788941
Attorney for Appellee
Law Offices of Jon R. Disrud
13750 San Pedro Ave., Suite 410
San Antonio, Texas 78232
Tel: 210.494.6633
Fax: 210.494.6640
jon@jdisrudlaw.com

**Table of Contents**

1.    Identity of the Parties and Counsel.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  i

2.    Index of Authorities.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iii

3.    Statement of the Case.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

4.    Issues Presented.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

5.    Statement of the Facts.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

6.    Summary of Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

7.    Argument and Authorities.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

      A.    Issue 1.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

      B.    Issue 2.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

8.    Relief Requested.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

9.    Certificate of Service.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

# Index of Authorities

## Cases:

*Alexander v Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004).. . . . . . . . . . . . . . . . . 3

*Furst v Smith*, 176 S.W.3d 864, 868 (Tex. App.–Houston [1ˢᵗ. Dist.] 2005, no pet.).. . . . . 6

*Ins. Co. Of State of Penn.v Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009).. . . . . . . . . . . . . 3

*Lawyers Lloyds of Tex. v Webb*, 152 S.W.2d 1096 (Tex. 1941)... . . . . . . . . . . . . . . . . . 5

*Norman Communications v Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997)... . . . . 6

*Pike-Grant v Grant*, __ S.W.3d __, 2014 WL 4933010, 13-0277 (Tex. 2014).. . . . . . . . . 5

*Primate Constr., Inc. v Silver*, 884 S.W.2d 151, 152 (Tex. 1994).. . . . . . . . . . . . . . 6, 7

*Quaestor Invs., Inc.v Chiapas*, 997 S.W.2d 226, 227 (Tex. 1999)... . . . . . . . . . . . . . . . 3

*Stubbs v Stubbs*, 685 S.W.2d 643, 644-45 (Tex. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Travieso v Travieso*, 649 S.W.2d 818, 820 (Tex. App. –San Antonio 1983, no writ).. . . . 7

## Rules:

Tex. R. App. P. 26.1c.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Tex. R. App. P. 30... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Tex. R. Civ. P. 107.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6,7

## Records:

Clerk's Record.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,2,4,5,

# STATEMENT OF THE CASE

This is a restricted appeal from a default judgment taken by Appellee. The parties, Deidre Elane Schamp, Appellant, and Edward Mitchell, Appellee, were originally divorced on January 22, 2013. Subsequently, on December 20, 2013 Appellee filed a *Petition for Enforcement of Property Division.* (C.R. at 4.) Citation was issued by the clerk on December 20, 2013. (C.R. at 13.) A trial was set for April 14, 2014 by attorney for Appellee. (C.R. at 14.) On May 6, 2014 an *Order on Enforcement* was signed by the trial court. (C.R. at 9.) On October 23, 2014 a *Notice of Restricted Appeal* was filed. (C.R. at 14.)

# ISSUES PRESENTED

1)   Whether Appellant is entitled to a restricted appeal.

2)   Whether Appellant was properly served, giving the trial court jurisdiction over Appellant.

# STATEMENT OF FACTS

On December 20, 2013 a Motion for Enforcement of Property Division was filed. (C.R. at 4) On the same day, the district clerk issued citation. (*Id.*)A review of the clerk's record reflects what occurred from the filing of the original motion for

enforcement to the filing of the notice of appeal.

The docket sheet reflects in the "services information" section that citation was issued on December 20, 2013. (C.R. at 13.) The next entry states a notice of order pursuant to Rule 306A was sent **only** to Appellee's attorney of record on May 19, 2014. (*Id*.) Despite a citation being issued, there is no return of service on file in the record. (See entire clerk's record.)

The docket sheet further reflects in the "proceedings information" section the filing of the petition on December 20, 2013. (*Id*.) The next and final entry, prior to the notice of appeal, is on May 6, 2014 which states "case closed final jud after no". (*Id* at 14.) There is no entry for a final trial on April 14, 2014.

There is no record of an actual trial being held. There is no court reporter record for the purported trial held on April 14, 2014. The clerk's record, while listing the scheduled trial, has no notations of a trial being held, or who was present. The *Order on Enforcement* states that Appellee's attorney appeared, but not Appellee. (C.R. at 7.) The *Order of Enforcement* incorrectly claims that Appellant appeared for the trial and announced ready. (C.R. at 7.)

## SUMMARY OF ARGUMENT

Appellant has met the requirements and is entitled to a restricted appeal. Further, because Appellant was never served with citation, despite the recitations in

the final order, the trial court never had jurisdiction over Appellant and the judgment is void.

## ARGUMENT AND AUTHORITIES

### Issue No. 1:

Whether Appellant is entitled to a restricted appeal.

To successfully attack a judgment by restricted appeal, the following must be met:

1.    Appellant must be a party to the case;

2.    The restricted appeal must be filed within six months from the date the final judgment was signed;

3.    Appellant must not have participated in the trial or hearing that resulted in the final judgment, nor have filed any timely postjudgment motions; and

4.    Error must be apparent on the face of the record.

*Quaestor Invs., Inc. V Chiapas*, 997 S.W.2d 226, 227 (Tex. 1999). *See also Ins. Co. Of State of Penn. V Lejeune*, 297 S.W.3d 254, 2555 (Tex. 2009) (citing *Alexander v Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); Tex. R. App. P. 26.1c and T.R.A.P. 30.

Appellant was the Respondent in the case and therefore meets the first

requirement.

The final judgment was signed by the trial court on May 6, 2014 (C.R. at 9.) The notice of appeal was filed on October 23, 2014, less than six months from the date of the final judgment. (C.R. at 11). Therefore, Appellant meets the second requirement.

Appellant's conformity with the third requirement, that Appellant must not have participated in the trial that resulted in the judgment, or timely filed any post-trial motions, has been met, but is a little more complicated to ascertain.

It is clear from the clerk's record that Appellant did not file any timely post trial motions. The clerk's record does show that a trial was set for April 14, 2014 by attorney for Appellee. (C.R. at 14) However, under the "trial information" section in the clerk's record, there is no record of a trial occurring nor if anyone appeared. (*Id*.) The *Order on Enforcement* signed by the Court states in it's recitals that attorney for Appellee appeared, but not Appellee. (C.R. at 7.) There is no court reporter record.

The *Order on Enforcement* does state that Appellant appeared and announced ready for trial. This is erroneous. Although this Court normally presumes the recitals in the judgment to be true, we must look at the entire record. A review of the entire record does not support the recitals in the signed order. There is no evidence that Appellant was ever served. There is no evidence in the clerk's records that Appellant

ever appeared on April 14th for a trial, or that a trial was even held. The clerk's record only reflects that attorney for Appellee scheduled a trial for April 14th. (C.R. at 14.) Appellee's own order reflects Appellee did not appear. Further, there is no record in the clerk's record of the final order being sent to anyone besides attorney for Appellee as required by Rule 306a.

Whether or not a party seeking a restricted appeal participated in the underlying suit should be construed liberally in favor of the right to appeal. *Stubbs v Stubbs*, 685 S.W.2d 643, 644-45 (Tex. 1985) (citing *Lawyers Lloyds of Tex. v Webb*, 152 S.W.2d 1096 (Tex. 1941). The Texas Supreme Court as recently as October 2014 reversed this Court's opinion in *Pike-Grant*, wherein the Respondent in that case also suffered from incorrect recitations on the face of the judgement. *Pike-Grant v Grant*, _____ S.W.3d _____, 2014 WL 4933010, 13-0277 (Tex. 2014) (10-3-14). In *Pike-Grant* the final judgment had several incorrect recitations in the judgment, including that Appellant had appeared for trial, and conflicting trial dates. In the case hand, the final judgment also incorrectly reflects that Appellant appeared for trial. It further incorrectly states that all parties entitled to citation were cited. The Texas Supreme Court found that although the judgment indicated a hearing had been held and that Appellant had been present at the hearing, nothing in the court's record supported that recitation. The same is true in the case at hand.

The fourth element is that the error must appear on the face of the record. The face of the record consists of all the papers on file in the appeal. *Norman Communications v Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997). In this case, the face of the record does not contain any proof of proper service on Appellant, save and except for the erroneous recitals in the final order.

**Issue 2:**

Whether Appellant was properly served.

There is no presumption in favor of proper issuance, service, and return of citation. *Primate Constr., Inc. v Silver*, 884 S.W.2d 151, 152 (Tex. 1994). The Texas Rules of Civil Procedure Rule 107 state in relevant part:

> "Return of Service: h) no default judgment shall be granted in any cause until proof of service as provided by this rule or by Rules 108 or 108a or as ordered by the court in the event citation is executed by an alternative method under Rule 106, shall have been on file with the clerk of the court ten days, exclusive of the day of filing and the day of judgment."

When a defendant has not answered, a trial court only acquires jurisdiction over the defendant strictly upon proof of proper service. *Furst v Smith*, 176 S.W.3d 864, 868 (Tex. App.–Houston [1st. Dist.] 2005, no pet.). This Court has held in *Travieso* that if any of the requirements of Tex. R. of Civ. P. 107 are not met, the

return is fatally defective and will not support a default judgment. *Travieso v Travieso*, 649 S.W.2d 818, 820 (Tex. App. –San Antonio 1983, no writ).

In *Primate* the Texas Supreme Court discusses the weight given to the return of citation. *Primate Constr., Inc. v Silver*, 884 S.W.2d 151, 152 (Tex. 1994). The Court stated that "It is the responsibility of the one requesting service, not the process server, to see that service is properly accomplished...This responsibility extends to seeing that service is properly reflected in the record." *Id* at 153. In *Primate* the registered agent of Primate was served. The return of service stated that Primate was served an original petition. However, Primate was not added as a party until the second amended petition. Regardless of the recitation in the judgment, the officer's return that stated Primate was served with original citation, citation of a suit they were not a named defendant in, made any stated service on Primate invalid and the following default judgment void.

In summary, the judgment against Appellant is void. Appellant was never served despite the recitations in the default judgment.

## REQUESTED RELIEF

Wherefore, because Appellant was never properly served, and she has met all the elements of a restricted appeal, Appellant prays that this Court vacate the void judgment and remand this case to the trial court.

Respectfully submitted,

Law Office of Julie L Krenek, PLLC

6814 Lebanon Suite 101

Frisco, Texas 75034

Tel: 214.675.4436

Fax: 214.842.6674

julie@dfwfamilylaw.net


_____/s/___Julie L Krenek_____

Julie L Krenek, Attorney for Appellant

State Bar No. 24065574

## Certificate of Service

I hereby certify that a true and correct copy of this brief was served on Jon Disrud, attorney for Appellee, in accordance with the Texas Rules of Civil Procedure on January 5, 2015.

_____/s/___Julie L. Krenek_____

Julie L. Krenek